UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                    Plaintiff,                      16-CR-091 (PKC)

      -against-                               MOTION AND
                                                           MEMORANDUM
SCOTT TUCKER and                                IN SUPPORT
TIMOTHY MUIR,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## TIMOTHY MUIR'S MOTION FOR
## BILL OF PARTICULARS AND MEMORANDUM IN SUPPORT

      **COMES NOW**, Timothy Muir, by and through counsel, Thomas J. Bath, Jr. and Marc Agnifilo, and moves this court for a Bill of Particulars. In support of his motion, Mr. Muir states as follows:

**INTRODUCTION**

      The Indictment charges Scott Tucker and Timothy Muir with three different federal crimes spanning 16 years (1997-2013). Count 1 charges a RICO conspiracy to collect unlawful debts, Counts 2 through 4 allege collection of unlawful debt and Counts 5 through 9 allege false TILA (Truth In Lending Act) disclosures. Count 1 alleges that from 1997 through 2013 certain businesses engaged in short term lending to consumers located throughout the United States. Count 1 combines two alleged "enterprises." The first enterprise alleged, from 1997 – 2003, involved Scott Tucker and an unnamed co-conspirator offering short term loans through a Delaware chartered bank. (See paragraphs 20-21). In 2003 Scott Tucker ceased doing business through the Delaware bank and engaged in business relationships with Native American tribes.

(See paragraphs 21-22).   The second enterprise involves the Native American tribes who made short term loans from 2003 - 2013. Counts 2 - 4 allege substantive acts occurring from 2003-2013 in collection of the alleged unlawful debts.  Counts 5 - 9 allege TILA violations from 2004-2012 in the making of the loans.

The Indictment's allegations that the conduct took place from 1997 – 2013 and involved two separate and distinct "enterprises" is particularly relevant as it relates to Mr. Muir. The Indictment, written as though it was a press release, is long on rhetoric, but short on details. All of the specific dates set forth in Count 1 are *prior* to 2006 (See ¶ 6, 21 & 22 2003; ¶20 1997). Counts 2-9 provide no specific dates, but allege conduct taking place from 2003-2013.

The Indictment states that Timothy Muir was involved in the conspiracy "from at least in or about 1997 up to and including or about August 2013"as he "systematically exploited" customers (Paragraph 4).  The Indictment goes on to say that Mr. Muir was an attorney "at times relevant to this Indictment." (See paragraph 3).  These allegations are patently false (Paragraph 4) or intentionally misleading (Paragraph 3). Perhaps this was a simple oversight and during their nearly 4-year investigation the police simply failed uncover these facts.  The truth, as the Government well knew, is that in 1997 Timothy Muir was managing a pizza parlor.  Mr. Muir did not graduate law school until 2004 and did not directly provide legal representation on behalf of Scott Tucker or any businesses owned or operated by him or allegedly owned or operated by him until 2006.  In short, Mr. Muir was not involved in any of the activities alleged in the Indictment covering the initial 9 of the 16 years of conduct.  Therefore, he has no personal knowledge of the majority of the specific acts set forth in Count 1.

**ARGUMENT**

Notwithstanding the Government having provided (February, 2016) some five million pages of discovery, Mr. Muir requests particular information to be provided so that he may prepare for trial (October, 2016) and prevent surprise.

Under the Federal Rules of Criminal Procedure, an Indictment must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c) (1); See, United States v. De La Pava, 268 F.3d 157, 162 (2d Cir. 2001). An Indictment must be specific enough to permit the preparation of a defense, thereby conforming to the Sixth Amendment's requirement that a defendant "be informed of the nature and cause of the accusation." United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999).

Federal Rule of Criminal Procedure 7(f) provides that the Court may, where an Indictment is drawn in general terms, upon the motion of a defendant requesting that the Government set forth "the specific allegations of the offense charged", direct the filing of a bill of particulars. United States v. Wozniak, 125 F.3d 105, 110 (2d Cir. 1997). It is, of course, within the discretion of the District Court to decide whether or not to grant a bill of particulars. See, United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to: (1) identify with sufficient particularity the nature of the charge pending against him so he can raise a specific defense, (2) prevent surprise at trial where the Government's trial theory is not clear, and (3) better frame the charged conduct so as to prevent the possibility of being twice put in jeopardy for the same offense. See United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). While it is certainly true that no bill of particulars is required where the information sought by defendant is provided in the Indictment or in some

3

acceptable alternate form, that is simply not the case here. As an initial matter, the Indictment itself does not provide the information we are requesting. Second, while the Government has certainly provided a mountain of discovery, the information provided is simply too vast to provide counsel with necessary direction in this regard.

Request #1

Paragraphs 5 and 6 allege that "beginning in 2003, several states filed lawsuits to stop Tucker and the Tucker payday lenders…" and "in particular, to defeat the State lawsuits, attorney's for Tucker, including Tim Muir….prepared and submitted to the courts materially false and misleading affidavits about the relationship between" Native American tribes and Scott Tucker's businesses.  It states "In truth and in fact, as Tucker and Muir well knew and privately admitted, Tribes 1-3 played no such role…"  The Indictment alleges that "in reliance on these materially false and misleading affidavits, State courts dismissed certain lawsuits on "tribal sovereign immunity" grounds."  Mr. Muir is requesting the Court order the government:

1. Identify the State lawsuits;
2. Identify attorney's for Tucker;
3. Identify the affidavits alleged to contain false and misleading material;
4. Specify what is false and misleading in the affidavits;
5. Identify any document supporting the allegation Timothy Muir "well knew and privately admitted"; and
6. Identify documents that support the allegation that State courts dismissed certain lawsuits in "reliance" on the affidavits.

One of the issues in this case is whether loans offered by the Native American tribes were "unlawful debts."[1]  A second issue is Mr. Muir's good faith belief that the debts were lawful based upon the fact that prior to his involvement (2006), Mr. Tucker had engaged numerous lawyers located throughout the United States who had reviewed the propriety of short-term lending by Native American tribes and had concluded there was nothing improper or illegal about this conduct.  It is anticipated that the Government will argue that the affidavits submitted to State courts regarding the relationship between the Native American tribes and Mr. Tucker's businesses were false which, somehow establishes that the debts were unlawful and proves that Mr. Muir was not acting in good faith. The requested information is necessary for Mr. Muir to present a defense and avoid surprise at trial.

**Request #2**

Paragraph 15 alleges activity surrounding the TILA charges and says that "…Tucker and his co-conspirators structured the repayment schedules of the loans such that, on the borrower's pay day…." Mr. Muir requests:

1. Identify the co-conspirators; and
2. Identify how Mr. Muir participated in structuring the repayment schedules.

**Request #3**

Paragraph 26 contains broad allegations that Mr. Muir "served as an architect" of the "structure" designed to mislead State authorities.  That Mr. Muir "further assisted in  sham transactions" and that Mr. Muir undertook "each of these actions" with the encouragement and

---

[1] Mr. Muir is concurrently filing a motion to dismiss Counts 1 - 4 alleging that these are not unlawful debts because they are enforceable under the law.

authorization of Scott Tucker.  Also included is the allegation that "Muir caused a sham lawsuit to be filed by Scott Tucker" in order to obstruct State regulatory efforts.  Mr. Muir requests:

1. Identification of the "sham lawsuit" ;

2. Identification of "sham transactions"

### Request #4

Counts 2 through 4 allege collection of unlawful debts.  These counts identify customers ("customer #1-15") as having received loans from the businesses.  Mr. Muir requests:

1. Identification of these 15 customers.

### Request #5

Counts 5 through 9 allege false TILA disclosures.  Paragraph 45 states that false and inaccurate information was provided to potential customers.  Mr. Muir requests:

1. Identification of what is false and inaccurate

The fact that millions of documents were provided does not solve the problem. In fact, "Voluminous discovery poses a problem different than the one faced by defendants who receive little or no discovery pre-trial. Nevertheless, overwhelming a defendant with discovery can obscure the particulars of a charge as fully as denying discovery." United States v. Luna, et al., 2006 WL 1668006 (D. Conn. 2006). Mr. Muir's requests are reasonable and discrete as well as necessary to prepare for trial.

**CONCLUSION**

For the reasons set forth above, Mr. Muir respectfully requests that the Court grant each of his requests for a Bill of Particulars.

Respectfully submitted,

/s/ Thomas J. Bath, Jr.
_____
Thomas J. Bath, Jr.        KS  12971
BATH & EDMONDS, P.A.
Historic Voigts Building
7944 Santa Fe Drive
Overland Park, Kansas  66204
(913) 652-9800; Fax (913) 649-8494
E-mail:  tom@bathedmonds.com


/s/ Marc A. Agnifilo
_____
Mark A. Agnifilo
BRAFMAN & ASSOCIATES, P.C.
767 Third Avenue, 26th Floor
New York, New York  10017-2023
(212) 750-7800; fax  (212-750-3906
E-mail:  magnifilo@braflaw.com

ATTORNEYS FOR MR. MUIR


**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties of record herein.

/s/ Thomas J. Bath, Jr.
_____
Thomas J. Bath, Jr.        KS  12971