**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                Plaintiff,                    16-CR-091 (PKC)

   -against-

                                                                   <u>REPLY MEMORANDUM</u>

SCOTT TUCKER and
TIMOTHY MUIR,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## TIMOTHY MUIR'S REPLY
## IN SUPPORT OF HIS MOTION FOR BILL OF PARTICULARS

       COMES NOW, Timothy Muir, by and through counsel, Thomas J. Bath, Jr. and Marc Agnifilo, and respectfully submits this reply in support of his motion for a bill of particulars ("Motion for a Bill of Particulars") (Docket Entry 42 filed on May 11, 2016), and in response to the government's memorandum of law in opposition ("Opposition") (Docket Entry 51 filed on May 19, 2016). For the reasons submitted herein, and for the reasons provided in his Motion for a Bill of Particulars,[1] Mr. Muir respectfully requests that the Court grant each of his requests for a bill of particulars.

**BACKGROUND**

       Mr. Muir's Motion for a Bill of Particulars was premised upon a simple principle: the government should be required to tell him with some particularity what he supposedly did so that he may have a fair opportunity to prepare for trial without surprise and prevent double jeopardy. Mr. Muir agrees with the government that the purpose of a bill of particulars is not to

---

[1] To the extent that Mr. Muir does not specifically reply to an argument raised in the government's Opposition, he relies on the arguments, points and authorities made in his moving papers.

compel the government to preview its case. He did not seek a bill of particulars to learn additional details about the evidence, or to lock the government into a theory. Rather, Mr. Muir filed his Motion for a Bill of Particulars because "'the charges of the indictment [against him] are so general they do not advise [him] of the specific acts of which he is accused.'" United States v. Fea, 2011 WL 2119708, * 1 (S.D.N.Y. May 24, 2011) (quoting United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).[2]

For instance, Count One of the Indictment charges Mr. Muir with a RICO conspiracy count, alleging that, "to defeat [] state lawsuits," Mr. Muir, together with other attorneys for Scott Tucker, "prepared and submitted to courts materially false and misleading affidavits about the relationship between Tribes 1-3 and the Tucker Payday Lenders to create the false impression" regarding the ownership and operation of the tribal lenders. (¶ 6). The Indictment further charges that Mr. Muir "well knew and privately admitted" the affidavits were "materially false and misleading." (Id.). Mr. Muir also allegedly prepared and submitted other "materially false and misleading affidavits" in other lawsuits involving "private citizens." (¶ 22). But the Indictment does not allege that Mr. Muir was counsel of record in any lawsuit regarding the loans at issue in this case. And because the Indictment does not particularize to any degree any of the information he needs to prepare for trial, Mr. Muir filed his Motion for a Bill of Particulars requesting the government identify: (1) the state lawsuits; (2) the other attorneys; (3) the affidavits alleged to contain false and misleading material; (4) what was false and misleading about the affidavits; and (5) what documents support the allegation that Mr. Muir "well knew and privately admitted" the federally recognized Indian tribes played no role in the ownership and operation of the tribal lending entities. (Request #1, p. 4).

---

[2] Even the government concedes the propriety of such a request, as it cited this quote in its Opposition. (Opp'n at 3).

Insofar as the government charges a lawyer "prepared and submitted material false and misleading affidavits" as part of a 16-year RICO conspiracy which began seven (7) years before the lawyer graduated from law school, the government has an obligation to be transparent about precisely what it is charging. Absent the requested particulars, Mr. Muir will be prevented from a fair opportunity to prepare for trial without surprise.

**ARGUMENT**

The Second Circuit's general principles for granting requests for a bill of particulars are well known. The government, however, fails to acknowledge that when it charges criminal offenses under broad statues like RICO, "[t]hese principles must be applied with some care . . . ." United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988). Furthermore, a defendant is entitled to the requested information even if a bill of particulars may reveal the government's evidence or theories. United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998) ("if necessary to give the defendant enough information about the charge to prepare his defense, 'it will be required even if the effect is disclosure of evidence or of theories.'") (quoting 1 Charles Alan Wright, FEDERAL PRACTICE AND PROCEDURE § 129 (1982)).

Mr. Muir requires a bill of particulars to "identify with sufficient particularity the nature of the charge[s] pending against him, thereby enabling [him] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). The Indictment simply "does not advise [Mr. Muir] of the specific acts of which he is accused." Torres, 901 F.2d at 234. Count One of the Indictment charges that Mr. Muir participated in an "unlawful scheme" from 1997 through 2013 that involves two separate and distinct "enterprises." (¶¶ 4, 20, 22). Mr. Muir had not even graduated law school when the alleged first

3

enterprise ended and the alleged second enterprise began. Unlike its allegations as to Scott Tucker, whose participation is alleged to have been "at all times relevant to this Indictment," (¶ 2), the Indictment alleges that Mr. Muir's participation is for only some "times relevant." (¶ 2). And even then, it concedes Mr. Muir did not begin providing legal advice until three (3) years after the first alleged enterprise ended in 2003. (¶¶ 3, 30) ("Beginning in or about 2006 . . . ."). Additionally, as detailed above, the Indictment does not particularize in which lawsuits Mr. Muir supposedly "prepared and submitted materially false and misleading affidavits." Without knowing particular statements in particular affidavits in particular lawsuits at issue, Mr. Muir's ability to defend the charges is compromised, warranting issuance of the particulars requested. Under such circumstances, a bill of particulars identifying these central facts is clearly appropriate and warranted.

In its Opposition, the government chose for the most part not to respond to or otherwise address any of the specific requests Mr. Muir made in Request #1. The government only addressed the "state lawsuits," but even then it only offered that Mr. Muir "is plainly familiar with those lawsuits, given that he discusses some of the them at length" in his Motion to Dismiss Counts 1-4.[3] (Opp'n at 6) (emphasis added). True, Mr. Muir's motion to dismiss did discuss two (2) seminal cases brought by the states of Colorado and California. But Mr. Muir's knowledge of some highly publicized cases does not mean that he has knowledge of every case in which tribal representatives submitted affidavits regarding their lending businesses. Nor does the government limit the allegations in the Indictment to lawsuits only brought by states. Indeed, the Indictment also alleges that Mr. Muir "prepared and submitted materially false and misleading affidavits" as part of an effort "to prevent states and private citizens from taking any

---

[3] Docket Entry 44 filed on May 11, 2016.

4

action against the Tucker Payday Lenders or him." (¶ 22) (emphasis added). Furthermore, it alleged that only "<u>certain</u> state lawsuits" were dismissed. (¶ 6) (emphasis added).

Taken together, the Indictment and the Opposition show that the government may rely upon <u>some</u> affidavits submitted in <u>some</u> lawsuits by state regulators, <u>some</u> lawsuits by private citizens, or a combination of both, only "certain" of which resulted in dismissal, and none of which the government alleges that Mr. Muir was counsel of record. At a minimum Mr. Muir is entitled to "know what false representations the government claims he made [or assisted in making], and how they were fraudulent." <u>United States v. King</u>, No. 94 Cr. 455 (LMM), 1995 WL 146252, at *1 (S.D.N.Y. Apr. 4, 1995); <u>see also</u> <u>United States v. Trie</u>, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) ("A defendant faced with false statements charges should not have to ... guess[] which statements he has to defend against ... when the government knows precisely the statements on which it intends to rely and can easily provide the information."). Request # 1 of Mr. Muir's bill of particulars is narrowly tailored to address vague and non-specific allegations regarding an unknown number false statements, contained in an unknown number of affidavits comprised of an unknown number of some true and some false statements, prepared by an unknown number of attorneys, signed by an unknown number of affiants, and submitted in an unknown number of forums. Critically, Mr. Muir's Request # 1 does not ask the government to identify evidence that it will use to prove the alleged falsity of the unknown affidavits.

The government also opposes Mr. Muir's Motion for a Bill of Particulars because it has provided "millions of pages of documents" in discovery. (Opp'n at 2). The government's delivery of millions of pages in which the allegedly false affidavits may be found is no panacea for the lack of due process afforded Mr. Muir by the government's vague and unspecific allegations in the Indictment. In <u>Bortnovsky</u>, the government did not identify which of

5

numerous insurance claims were allegedly fraudulent, 820 F.2d at 574, and instead argued that its production of over 4,000 insurance documents in discovery provided the defendants sufficient notice of the charges. On appeal, the Second Circuit reversed defendants' convictions, observing "the government did not fulfill its obligations merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged." Id. The government's position here is no different, other than it points Mr. Muir to millions of documents rather than only 4,000 documents.

Last, even if Mr. Muir successfully sifted through the millions of pages of documents and found every affidavit ever signed by tribal representatives regarding their lending businesses and submitted in litigation, he still would not know what statements within those affidavits the government contends are "materially false and misleading." This is perhaps why the government's "but we gave the defense so many documents" argument has been repeatedly rejected. See Davidoff, 845 F.2d 1151 at 1152 (production of voluminous discovery materials is not "an adequate substitute for a straight forward identification in a bill of particulars of identity of victims or offenses that the prosecution intends to prove"); United States v. Bin Laden, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of materials disclosed is precisely what necessitates a bill of particulars.").

**CONCLUSION**

Given the scope and complexity of this RICO case, which allegedly spans 16 years, includes 2 separate and distinct enterprises, and voluminous discovery consisting of millions of pages, as well as the lack of particularity provided in the Indictment with respect to Mr. Muir's alleged involvement, a bill of particulars is necessary for him to adequately prepare to defend against the charges at trial. Without the bill of particulars requested, Mr. Muir, like the defendants in <u>Bortnovsky</u>, <u>supra</u>, and <u>Davidoff</u>, <u>supra</u>, will be forced to guess at his alleged participation in an extremely broad range of possible conduct. For the reasons set forth above, Mr. Muir respectfully requests that the Court grant each of his requests in his Motion for a Bill of Particulars.

Respectfully submitted,

/s/ Thomas J. Bath, Jr.
_____
Thomas J. Bath, Jr.     KS  12971
BATH & EDMONDS, P.A.
Historic Voigts Building
7944 Santa Fe Drive
Overland Park, Kansas  66204
(913) 652-9800; Fax (913) 649-8494
E-mail:  tom@bathedmonds.com


/s/ Marc A. Agnifilo
_____
Marc A. Agnifilo
BRAFMAN & ASSOCIATES, P.C.
767 Third Avenue, 26th Floor
New York, New York  10017-2023
(212) 750-7800; fax  (212-750-3906
E-mail:  magnifilo@braflaw.com

**ATTORNEYS FOR MR. MUIR**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties of record herein.

      /s/ Thomas J. Bath, Jr.

_____

Thomas J. Bath, Jr.      KS 12971