

Texas
New York
Washington, DC
Connecticut
Seattle
Dubai
London

Bracewell LLP
1251 Avenue of the Americas
49th Floor
New York, New York
10020-1100

+1.212.508.6100 Office
+1.800.404.3970 Fax

www.bracewelllaw.com

June 7, 2016

VIA ECF

Hon. P. Kevin Castel
United States District Judge
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  United States v. Scott Tucker, et al. 16 Cr 0091

Dear Judge Castel:

Joseph Lasher, a summer associate, researched the issue of whether a defendant who declines to complete a financial affidavit based upon Fifth Amendment concerns may nonetheless be entitled to appointment of CJA counsel. The law is this: The Criminal Justice Act allows District Courts to appoint counsel for "any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). The standard is "something less than indigency or destitution." United States v. Harris, 707 F.2d 653, 660 (2d Cir. 1983). To appoint counsel, the Court must be "satisfied after appropriate inquiry that the person is financially unable to obtain counsel." 18 U.S.C. § 3006A(b). If a defendant does not submit a financial affidavit, a court is not relieved "of its responsibility to enquire into the defendant's financial status." United States v. Barton, 712 F.3d 111, 116-17 (2d Cir. 2013). Moreover, "conditioning the assignment of court-appointed attorneys on the execution of financial affidavits has been found to be improper." United States v. Auen, 846 F.2d 872, 879 (2d Cir. 1988). A variety of factors are relevant to determine financial eligibility, including the "economic realities" of the defendant's situation, the costs of defense, and defendant's necessities. United States v. Parker, 439 F.3d 81, 93 (2d Cir. 2006).

Attached to this letter are (i) the March 31, 2016 order in FTC v. AMG Services, Inc., et al., restrain[ing] and enjoin[ing] [Mr. Tucker] from "transferring . . . spending . . . or otherwise disposing of any funds . . . wherever located . . . in [his] actual or constructive trust . . . except for access to $75,000 . . . for attorneys' fees and living expenses for [the next] two months"; (ii) the Post-Indictment Restraining Order in this action; and (iii) the April 22, 2016 Amendment to the Asset Freeze in the Nevada action, excluding from the Nevada freeze order the property restrained in this action "for as long as the SDNY Restraining Order . . . to such asset[s] remaining in effect"; and (iv) the May 31, 2016 Second Amendment to Asset Freeze, which permits Mr. and Mrs. Tucker "living expenses of $8,000 per month for the period June 1, 2016 through August 31, 2016." Read

together, these orders demonstrate the "economic realit[y]" that Mr. Tucker does not have available resources to retain counsel in this case. Were he to pay for private counsel, he would be violating a court order.

                              Respectfully submitted,

                              Bracewell LLP

                              Paul Shechtman

PS:wr
cc:    AUSA Niketh Velamoor
      Paula M. Junghans
      Marc A. Agnifilo
      Thomas J. Bath
      Jeff D. Morris

#5231107.1