UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :
UNITED STATES OF AMERICA                             :
                                                     :
            – v. –                                   :
                                                     :
SCOTT TUCKER and                                     :
TIMOTHY MUIR,                                        :
                                                     :
            Defendants.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8-8-16
```

16 Cr. 091 (PKC)

Order for the Interlocutory
Sale of the Learjet

WHEREAS, on February 8, 2016, SCOTT TUCKER ("Tucker") and TIMOTHY MUIR were charged in a nine-count Indictment, 16 Cr. 91 (PKC) (the "Indictment"), with conspiracy to collect unlawful debts, in violation of Title 18, United States Code, Section 1962(d) (Count One); collection of unlawful debts, in violation of Title 18, United States Code, Section 1962(c) (Counts Two through Four); and False Truth in Lending Act Disclosures, in violation of Title 15, United States Code, Section 1611 and Title 18, Untied States Code, Section 2 (Counts Five through Nine);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment seeking, pursuant to Title 18, United States Code, Section 1963, the forfeiture of a sum of United States currency equal to at least $2,000,000,000.00 and *inter alia*, the forfeiture of one Model 60 Learjet bearing FAA Registration N551ST (the "Learjet");

WHEREAS, on February 9, 2016, this Court made a finding of probable cause that the Learjet, among other property, is subject to forfeiture and restraint and thus entered a

Post-Indictment Restraining Order ("PIRO") which restrained, *inter alia*, the Learjet (Docket Entry 30);

WHEREAS, the Learjet is titled in the name of ST Capital LLC, a company wholly owned and controlled by Tucker;

WHEREAS, the Learjet is currently located at the Spirit of St. Louis Airport in Chesterfield, Missouri;

WHEREAS, Tucker had contracted with SpiritJets, LLC ("SpiritJets"), also located in Chesterfield, Missouri to manage the Learjet;

WHEREAS, Tucker has failed to pay or reimburse SpiritJets for contractually agreed upon fees and expenses incurred in connection with the storage, maintenance and repair of the Learjet, and has also failed to maintain insurance on the Learjet;

WHEREAS, as a result of Tucker's failure to pay the storage and maintenance costs, the Learjet will likely diminish (and may have already diminished) in value;

WHEREAS, an interlocutory sale of the Learjet is necessary in order to prevent the deterioration of its value during the criminal case and any subsequent ancillary forfeiture proceedings;

WHEREAS, the net proceeds of the sale of the Learjet is to be held in the Treasury Suspense Account pending resolution of the instant case and any related forfeiture proceedings, or until further order from the Court;

[handwritten insert: WHEREAS the Court [2] has considered the government's motion and the opposition of Scott Tucker thereto (Doc. 80);]

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Internal Revenue Service ("IRS"), or its designee, will conduct an interlocutory sale of the Learjet. In furtherance of the interlocutory sale of the Learjet, the Learjet

may be seized and retained by the IRS, or its designee pending the interlocutory sale. The IRS, or its designee, is further authorized to seize any and all log books for the Learjet, including, but not limited to, the maintenance log books for the Learjet, the engine log books for the Learjet and the airplane log books for the Learjet.

2. Tucker and any others, including, but not limited to, the Spirit of St. Louis Airport and SpiritJets, shall fully cooperate with the IRS or its designee in relation to the seizure and interlocutory sale of the Learjet.

3. The net proceeds realized from the sale of the Learjet, and any and all income or interest accrued thereon, shall be the substitute res for the Learjet. The term "net proceeds" shall mean the net amount realized from the interlocutory sale, after the payment of all costs and disbursements related to the sale of the Learjet, including any costs incurred by the IRS or its designee. Said net proceeds shall be deposited and maintained in the Treasury Suspense Account pending resolution of the instant case and any related forfeiture proceedings, or further order from the Court.

4. In any forfeiture proceedings, the net proceeds from the sale of the Learjet shall be treated in all respects as though they are the Learjet.

5. The Government may, in its sole discretion, reject any offer to purchase the Learjet should the Government: (i) determine that the offer is made by, on behalf of, or in aid of any person involved in or associated with the criminal activity alleged as the basis for forfeiture in this matter; and (ii) deem that the proposed sale and purchase does not constitute an arms-length transaction.

6. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Order for the Interlocutory Sale of the Learjet. This Court shall further retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Order.

7. The Clerk of the Court shall forward three certified copies of this Order for the Interlocutory Sale of the Learjet to Assistant United States Attorney Niketh Velamoor, Assistant United States Attorney, United States Attorney's Office, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
July ~~, 2016~~
8-8-16

SO ORDERED:

THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

4