```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

UNITED STATES OF AMERICA,

16 Cr. 91(PKC)

-against-                                                    ORDER

SCOTT TUCKER and TIMOTHY MUIR,

Defendant.

———————————————————————x

CASTEL, U.S.D.J.

The early setting of a trial date enables the attorneys for the government and the

defendants to schedule witnesses, arrange other matters on their calendars and prepare for trial.

The Court, itself, benefits from setting a fixed trial date in advance.  By blocking out the proper

amount of time for the trial, the Court may schedule other conferences, sentencings, hearings and

trials.

But a Court presiding over a criminal case must always be attuned to changed

circumstances that may require an adjustment to a trial date.  On April 22, 2016, the Court set a

trial date of October 17, 2016 at 10:00 a.m.  Months later, on June 6, 2016, the Court granted the

application of Mr. Tucker's principal lawyer, Paul Schechtman, to withdraw and appointed

James Roth, pursuant to the Criminal Justice Act.  Better apprised of the volume of discovery

materials, Mr. Roth wrote to the Court on June 17 with two requests: (1) the appointment of an

additional lawyer from the CJA Panel, specifically, Lee Ginsberg, to assist in representing Mr.

Tucker; and (2) the continuance of the trial from October 17 to April 1, 2017 or a date thereafter

convenient to the Court. (Roth Ltr., June 17, 2016; Doc 66.)   Mr. Roth wrote that "I have been

co-counsel with Mr. Ginsberg in a trial in this District and I am confident that given the

requested continuance we could provide Mr. Tucker with the quality defense he is entitled to." (Roth Ltr., June 17, 2016; Doc 66.)

The Court granted both requests. In moving the trial date, the Court wrote as follows: "For good cause shown, I will adjourn the trial of this action to April 17, 2017 at 10:00 a.m. THE UNDERSIGNED DOES NOT ANTICIPATE GRANTING A FURTHER ADJOURNMENT OF THE TRIAL DATE." (Order of June 30, 2016; Doc 73.) In addition to the services of Mr. Ginsberg, the Court has allowed Mr. Tucker's defense team the use of back up support in various orders approved on an ex parte basis.

Defendant Tucker now seeks to adjourn the April 17 trial date, relying in part on the filing of a superseding indictment on November 30, 2016; no new trial date is proposed. (Ginsberg Ltr., Dec. 22, 2016; Doc 118.) The superseding indictment adds new counts, wire fraud and conspiracy to commit wire fraud, money laundering, promotion of money laundering and conspiracy to commit money laundering, all based on the core facts alleged in the original indictment. At a December 1, 2016 conference, the government acknowledged an on-going duty to disclose materials but represented that the superseding indictment, itself, would result in no new discovery production. (12/1/16 Tr. 3.) Tucker's counsel noted that they may seek a further adjournment of the trial to which the Court responded as follows: "Well, I am not going to rule on a motion that hasn't been made, but I don't presently anticipate based on what I've learned about the superseding indictment and the discovery moving the trial date. So you're welcome to consider what motions you wish to make and you can advise me in writing by December 15th." (Id. Tr. 7.) Although not the principal ground for the Court's ruling, the requested adjournment was not sought until December 22.

The additional legal theories asserted in the new counts of the indictment do not warrant moving the April 17 trial date. The new counts do indeed arise out of the original core facts. The original indictment alleged a conspiracy of considerable length with as many as 4.5 million victims. There is a public interest in a speedy trial that the Court also takes into account. The quality of the lawyers representing defendant Tucker, aided by auxiliary services approved by the Court, will ensure an effective representation of Mr. Tucker. (Mr. Ginsberg has performed admirably in two difficult trials before the undersigned in which murders were alleged. He is among the most skilled and able trial lawyers in this District.)

Application for adjournment of trial (Doc 118) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:   New York, New York
         January 5, 2017