UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA            :

  - v. -                                    :                    S1 16 Cr. 91 (PKC)

SCOTT TUCKER and                    :
TIMOTHY MUIR,
                                    :
        Defendants.
                                    :
--------------------------------------------------------x


# THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America


Niketh Velamoor
Hagan Scotten
Sagar K. Ravi
Assistant United States Attorneys
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA        :

   - v. -                         :                    S1 16 Cr. 91 (PKC)

SCOTT TUCKER and         :
TIMOTHY MUIR,

                                    :

              Defendants.

                                    :

-------------------------------------------------------x

## <u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

# Table of Contents

REQUEST NO. 1    General Requests ................................................................5

REQUEST NO. 2    The Indictment ................................................................6

REQUEST NO. 3    Summary of the Indictment ................................................................3

REQUEST NO. 4    Multiple Counts and Defendants ................................................................5

REQUEST NO. 5    Conspiracy Generally ................................................................7

REQUEST NO. 6    Count One: RICO Conspiracy ................................................................12

REQUEST NO. 7    Counts Two Through Four: Substantive RICO Charges ................................18

REQUEST NO. 8    Counts One Through Four: RICO – Knowledge of State Laws Not Required ................................................................21

REQUEST NO. 9    Counts One Through Four: RICO – Relevant Law Pertaining to Tribal Sovereign Immunity ................................................................22

REQUEST NO. 10    Count Five: Conspiracy to Commit Wire Fraud ................................23

REQUEST NO. 11    Count Six: Wire Fraud ................................................................24

REQUEST NO. 12    Count Six: Elements of the Offense ................................................25

REQUEST NO. 13    Count Six: First Element – Existence of Scheme or Artifice to Defraud ......26

REQUEST NO. 14    Count Six: Second Element – Participation in Scheme with Intent to Defraud ................................................................28

REQUEST NO. 15    Count Six: Third Element – Uses of Interstate Wires ................................31

REQUEST NO. 16    Count Six: Aiding and Abetting ................................................34

REQUEST NO. 17    Counts Five and Six: Good Faith ................................................38

REQUEST NO. 18    Counts Five and Six: Wire Fraud No Ultimate Harm ................................40

REQUEST NO. 19    Counts Five and Six: Negligence of Victim Not a Defense ........................41

REQUEST NO. 20    Count Seven: Consipracy to Commmite Mondey Laundering ....................42

REQUEST NO. 21    Count Eight: Promotion Money Laundering Elements ................................44

REQUEST NO. 22    Count Eight: First Element ................................................................45

REQUEST NO. 23    Count Eight: Second Element ................................................................47

REQUEST NO. 24    Count Eight: Third Element ................................................................48

REQUEST NO. 25    Count Eight: Fourth Element ................................................................49

REQUEST NO. 26    Count Nine: Concealment Money Laundering Elements ............................50

REQUEST NO. 27    Count Nine: Fourth Element ................................................................51

REQUEST NO. 28    Counts Eight and Nine: Aiding and Abetting ................................................53

REQUEST NO. 29    Counts Ten Through Fourteen: Truth in Lending Act Violations General ... 54

REQUEST NO. 30    Venue ................................................................56

REQUEST NO. 31    Conscious Avoidance ................................................................58

REQUEST NO. 32    Particular Investigative Techniques Not Required ................................60

REQUEST NO. 33    Defendant's Testimony ................................................................61

REQUEST NO. 34    Defendants' Right Not To Testify ................................................................62

REQUEST NO. 35    Law Enforcement Witnesses ................................................................63

REQUEST NO. 36    Cooperating Witnesses ................................................................64

REQUEST NO. 37    Character Witnesses ............................................................... 67

REQUEST NO. 38    Stipulations of Fact ............................................................... 68

REQUEST NO. 39    Stipulations of Testimony ...................................................... 69

REQUEST NO. 40    Variance in Amounts............................................................. 70

REQUEST NO. 41    Limiting Instruction: Similar Act Evidence ................................ 71

REQUEST NO. 42    Uncalled Witnesses: Equally Available ...................................... 73

REQUEST NO. 43    Charts and Summaries: Admitted As Evidence ........................... 74

REQUEST NO. 44    Summary Charts: Not Admitted As Evidence ............................. 75

REQUEST NO. 45    Preparation of Witnesses....................................................... 76

REQUEST NO. 46    Redaction of Evidentiary Items................................................ 77

REQUEST NO. 47    Improper Considerations: Race, Religion, National Origin, Sex, or Age ..... 78

REQUEST NO. 48    Persons Not On Trial............................................................. 79

REQUEST NO. 49    Sympathy: Oath as Juror ....................................................... 80

REQUEST NO. 50    Conclusion.......................................................................... 81

# REQUEST NO. 1

## General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.     Function of Court and Jury

b.     Indictment not Evidence

c.     Statements of Court and Counsel Not Evidence

d.     Burden of Proof and Presumption of Innocence

e.     Rulings on Evidence and Objections

f.     Reasonable Doubt

g.     Jury's Recollection Controls

h.     Government Treated Like Any Other Party

i.     Definitions and Examples of Direct and Circumstantial Evidence

j.     Credibility of Witnesses

k.     Interest in Outcome

l.     Inferences

m.     Right to See Exhibits and Have Testimony Read During Deliberations

n.     Punishment Is Not to Be Considered by the Jury

o.     Verdict of Guilt or Innocence Must be Unanimous

p.     Duties of Foreperson and Return of Verdict Form

## REQUEST NO. 2

## The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains fourteen counts against SCOTT TUCKER and TIMOTHY MUIR, the defendants. Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges. Therefore, I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment. Then I will explain in detail the elements of the offenses.

## Summary of the Indictment

Count One of the Indictment charges that from at least in or about 1997 until at least in or about August 2013, defendants SCOTT TUCKER and TIMOTHY MUIR agreed or conspired together and with others to conduct or to participate in the conduct of the affairs of an enterprise, specifically the Tucker Payday Lending Organization, through the collection of unlawful debt.

Counts Two, Three and Four of the Indictment charge that from at least in or about 2003 (or, in the case of Count Four, 2005) until at least in or about August 2013, defendants SCOTT TUCKER and TIMOTHY MUIR, the defendants, and others committed the actual crime of conducting or participating in the conduct of the affairs of an enterprise, that is the Tucker Payday Lending Organization, through the collection of unlawful debt.

Count Five charges that, from at least in or about 2004 through in or about August 2013, SCOTT TUCKER and TIMOTHY MUIR, the defendants, conspired together and with others to commit wire fraud by misrepresenting the terms and lenders of the loans extended by the Tucker Payday Lending Organization.

Count Six charges that, from at least in or about 2004 through in or about August 2013, SCOTT TUCKER and TIMOTHY MUIR, the defendants, committed the actual crime of wire fraud by misrepresenting the terms and lenders of the loans extended by the Tucker Payday Lending Organization.

Count Seven charges that, from at least in or about 2004 through in or about August 2013, SCOTT TUCKER and TIMOTHY MUIR, the defendants, conspired together and with others to commit money laundering, and charges that this conspiracy to commit money

laundering had two objects: (i) to conduct financial transactions with the proceeds of the wire fraud charged in Count Six in order to promote that wire fraud, and (ii) to conduct financial transactions with the proceeds of the same wire fraud in order to conceal and disguise the nature, location, source, ownership, or control of the proceeds of that wire fraud.

Count Eight charges that from at least in or about 2004 through in or about August 2013, SCOTT TUCKER and TIMOTHY MUIR, the defendants, and others, committed the actual crime of money laundering by conducting financial transactions with the proceeds of the wire fraud charged in Count Six in order to promote that wire fraud.

Count Nine charges that from at least in or about 2004 through in or about August 2013, SCOTT TUCKER and TIMOTHY MUIR, the defendants, and others, committed the actual crime of money laundering by conducting financial transactions with the proceeds of the wire fraud charged in Count Six in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that wire fraud.

Counts Ten through Fourteen charge that from at least in or about 2004 through in or about 2012, SCOTT TUCKER and TIMOTHY MUIR, the defendants, and others, gave false and inaccurate information, and failed to provide information they were required to provide under federal law, and used a chart or table so as to consistently understate the annual percentage rate of loans, by making disclosures that materially understated the true cost of loans extended by each of the Tucker Payday Lenders.

<h1 style="text-align:center"><u>REQUEST NO. 4</u></h1>

<h2 style="text-align:center"><u>Multiple Counts and Defendants</u></h2>

A few observations are in order following my summary of the Indictment. As you could tell from the summary, the Indictment contains several charges against each defendant.

In your deliberations and in reaching your verdict, you must consider each count separately, and you must weigh the evidence as to each charged defendant separately for each count in which that defendant is charged, and determine whether the Government has carried its burden of proof with respect to that defendant and that charge. I will provide you with a verdict form, and you will need to report the results of your deliberations on each count on the verdict form. To do so, you will need to keep track during your deliberations of which defendant and which charge you are considering and the legal elements applicable to the charge.

In a few moments, I will instruct you on the elements of each of the charged offenses. I will provide you with all relevant definitions and all relevant legal principles. In other words, I will provide you with all the instructions you need to decide whether the Government has proven beyond a reasonable doubt each of the necessary elements on each of the charges in the Indictment for each defendant.

As I indicated earlier, the Indictment contains fourteen counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate, unanimous verdict as to each count and to each defendant separately. You may only find a defendant guilty of a particular count if the Government has proven each element of the offense charged with respect to that count beyond a reasonable doubt against that

defendant. Your verdict as to one count or one defendant should not control your decision as to any other count or any other defendant.

During your deliberations, you will have a copy of the Indictment to reference as you deem necessary. You also will have a copy of my instructions.

I make these observations to ensure that you understand the structure of the charges against each defendant and your obligation to consider the charges against each defendant separately and under each statute and theory of liability alleged in the Indictment.

Before I describe the specific elements of the alleged offenses, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. It is also not essential that the Government prove that a conspiracy started and ended on any specific date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence. Further, it is not required that the defendant you are considering committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the defendant participated in the charged crime.

> Hon. Leonard B. Sand, *Modern Federal Jury Instructions*, Instr. 3-6. Honorable Michael B. Mukasey in *United States* v. *Bello*, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993); Honorable Robert W. Sweet in *United States* v. *Antonio Guerrero et al.*, 09 Cr. 339 (S.D.N.Y. 2010).

## **REQUEST NO. 5**

## **Conspiracy Generally**

Now, I'm going to begin by charging you on the law of conspiracy, and you will apply this instruction where any charge requires proof of a conspiracy and a defendant's membership in that conspiracy.

A conspiracy is kind of a criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy, which simply means agreement to violate a federal law, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Indeed, you may find the defendant guilty of the crime of conspiracy even if you find that the substantive crimes which were the objects of the conspiracy were never committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.

To sustain its burden of proof with respect to an allegation of conspiracy, the Government must prove beyond a reasonable doubt the following:

First, the existence of the conspiracy charged in the Indictment; that is, the existence of any agreement or understanding to commit the unlawful objects of each conspiracy.

Second, the Government must prove that the defendant knowingly became a member of the conspiracy with intent to further its illegal purpose; that is, with the intent to commit the object of the charged conspiracy.

I'll separately discuss each of these elements.

In order to show that a conspiracy existed, the Government must prove that two or more people in some way or manner, spoken or unspoken, came to a mutual understanding to violate the law and to accomplish an unlawful plan. If you find that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element of conspiracy.

When people enter into a conspiracy, they become agents and partners of one another in carrying out the conspiracy. In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged coconspirators that were done to carry out the apparent criminal purpose.

In determining whether such an agreement existed, you may consider direct as well as circumstantial evidence. The old adage, actions speak louder than words, applies here. Often the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the individual conspirators, when taken together and considered as a whole. However, these acts in conduct may warrant the inference that a conspiracy existed

The object of a conspiracy is the illegal purpose the coconspirators agree or hope to achieve. As I mentioned, the Indictment here charges several different conspiracies with different objects. The second element is that the defendant willfully and knowingly became a member of the conspiracy. The Government must prove that beyond a reasonable doubt. The terms willfully and knowingly mean that you must be satisfied beyond a reasonable doubt that in

joining the conspiracy, the defendant knew what he was doing, and that he did it deliberately and voluntarily.

An act is done willfully and knowingly if it is done deliberately and purposely; that is, the defendant's actions must have been his conscious objective, rather than a product of mistake or accident or mere negligence or some other innocent reason. A defendant's knowledge is a matter of inference from the facts proved.

The defendant need not have known the identities of each and every other member of the conspiracy, nor need he have been apprised of all of their activities. A defendant need not have been fully informed as to all of the details or the scope of the conspiracy in order to justify an inference of knowledge on his part.

Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives for you to find that he joined the conspiracy. The extent of the defendant's participation in the conspiracy has no bearing on the defendant's guilt. He may have joined it at any time in its progress, and he may still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member, as long as you find that he joined the conspiracy with knowledge as to its general scope and purpose.

Each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in a scheme. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant into the conspiracy.

A defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. A person may know, assemble with or be friendly with one or

more members of a conspiracy without being a conspirator himself. Mere similarity of conduct or the fact that a defendant may have discussed common aims and interest does not necessarily establish proof of the existence of a conspiracy.

Mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. Moreover, the fact that the acts of the defendant without knowledge merely happened to further the purposes or objectives of the conspiracy does not make the defendant a member. The defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Once you find a conspiracy existed and that the defendant was a member, you may take into account against the defendant any acts or statements made by any of his coconspirators, even though such acts or statements were not made in the presence of the defendant or even if they were made without his knowledge.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So too once a person is found to be a member of a conspiracy, he is presumed to continue as a member of the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

In sum, a defendant with an understanding of the unlawful character of the conspiracy must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He, thereby, becomes a knowing and willing participant in an unlawful agreement, that is to say, a conspirator.

Adapted from the charge given by this Court in *United States* v. *Fusco*, 09 Cr. 1239 (PKC) (2009).

## REQUEST NO. 6

## Count One:  RICO Conspiracy

Count One charges both defendants with conspiring to conduct or participate in the conduct of the affairs of an enterprise through the collection of unlawful debt, in violation of the federal racketeering laws commonly referred to as "RICO." RICO laws make it a crime to conspire to conduct and participate, directly and indirectly, in the affairs of an enterprise through collection of unlawful debt.

Let me stop here and note that the words racketeer and racketeering have certain connotations and implications. However, the use of that term in the law and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of the defendant has been proven.  The term is used by Congress to describe the statute.

In order to convict the defendant you are considering of a RICO conspiracy, the Government must prove beyond a reasonable doubt each of the following elements:

First, that the enterprise alleged in the Indictment, referred to as the Tucker Payday Lending Organization, existed.

Second, that the Tucker Payday Lending Organization affected interstate commerce.

Third, that the defendant was employed by or associated with the Tucker Payday Lending Enterprise.

Fourth, that the defendant willfully and knowingly conspired with at least one other person to participate in the conduct of the affairs of that enterprise through the collection of unlawful debt.

## Count One: First Element

The first element the Government must prove beyond a reasonable doubt is that the enterprise alleged in the Indictment existed.

Such an enterprise does not have to have a particular name, or for that matter, have any name at all. Nor must it be registered or licensed as an enterprise. It does not have to be a commonly recognized legal entity, such as a corporation, a trade union, a partnership, or the like. Thus, the enterprise may be a group of people informally associated together for a common purpose of engaging in a course of conduct. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. In addition to having a common purpose, this group of people must have a core of personnel who function as a continuing unit. Furthermore, the enterprise must continue to exist in substantially similar form throughout the period charged. This does not mean that the membership must remain exactly identical, but the enterprise must have a recognizable core that continues during a substantial time period within the time frame charged in the Indictment.

In summary, if you find that there was, in fact, a group of people characterized by (1) a common purpose or purposes, (2) an ongoing formal or informal organization or structure, and (3) core personnel who function as a continuing unit during a substantial time period within the time frame charged in the Indictment, then you may find that an enterprise existed.

## Count One: Second Element

The second element the Government must prove beyond a reasonable doubt with regard to the conspiracy charged in Count One is that the Tucker Payday Lending Organization was engaged in or had an effect upon interstate commerce.  Interstate commerce includes the

movement of goods, services, money, and individuals between states. The Government must prove that the Tucker Payday Lending Organization engaged in interstate commerce or that its activities affected interstate commerce. All that is necessary is that the Tucker Payday Lending Organization, or the collection of an unlawful debt through which the affairs of the Tucker Payday Lending Organization were conducted, affected interstate commerce in some minimal way. The effect need not be substantial; even a minimal effect is enough. Nor is it necessary that the effect on interstate commerce have been an adverse or negative effect. It is not also necessary to prove that the acts of the defendant you are considering affected interstate commerce as long as the acts of the Tucker Payday Lending Organization itself had such an effect. Finally, the Government is not required to prove that the defendant knew he was affecting interstate commerce. All that is necessary is that you find beyond a reasonable doubt that the activities of the Tucker Payday Lending Organization affected interstate commerce in some minimal way.

### Count One: Third Element

The third element the Government must prove beyond a reasonable doubt with respect to the conspiracy charged in Count One is that the defendant you are considering was associated with or was employed by the Tucker Payday Lending Organization. Here, the defendants are alleged to have been members of the Tucker Payday Lending Organization.  It is not required that the defendant you are considering have been associated with or employed by the enterprise for the entire time that the Tucker Payday Lending Organization existed. It is required, however, that the Government prove beyond a reasonable doubt that at some time during the period

charged in the Indictment, the defendant was associated with or was employed by the Tucker Payday Lending Organization

The Government must also show that the defendant's association with the Tucker Payday Lending Organization was knowing – that is, made with knowledge of the existence of the Tucker Payday Lending Organization through a general awareness of some of its purposes, activities, and personnel. A person cannot be associated with or employed by an enterprise if he does not know of the enterprise's existence or the nature of its activities. Thus, in order to prove this element, the Government must prove beyond a reasonable doubt that the defendant was connected to the Tucker Payday Lending Organization in some meaningful way, and that the defendant knew of the existence of the Tucker Payday Lending Organization and of the general nature of its activities.

## Count One: Fourth Element

The fourth element the Government must prove beyond a reasonable doubt with respect to the conspiracy charged in Count One is that the defendant you are considering knowingly and willfully became a member of the conspiracy. In order to meet its burden of proof, the Government must show that the defendant agreed to participate, directly or indirectly, in the affairs of the Tucker Payday Lending Organization through collection of an unlawful debt.

For purposes of this case, unlawful debt means a debt which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and which was incurred in connection with the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

Usury is the lending of money at an illegally high rate of interest. Usury laws can differ from one state to another, as can enforceable rates of interest. In New York, the enforceable rate of interest on consumer loans is no more than 25 percent per year, and loans above that rate are unenforceable.[1] Some states other than New York also have interest rate limits on consumer loans that are either thirty-six percent per year or less. These states include Connecticut, Maryland, Massachusetts, Montana, New Hampshire, New Jersey, Pennsylvania, North Carolina, Ohio, Vermont, and Washington, D.C.[2]

The focus of this element is on the defendant's agreement to participate in the objective of the Tucker Payday Lending Organization to collect an unlawful debt, and not on the defendant's agreement to commit any individual criminal acts. To prove the defendant's agreement, the Government need not prove that the defendant actually engaged in the collection of unlawful debt or even agreed to engage in the collection of unlawful debt, as long as the Government proves that he participated in some manner in the overall objective of the conspiracy.

Stated another way, for the purposes of the charged RICO conspiracy, the Government does not have to prove that the defendant himself committed any particular act concerning the collection of debt. The Government only has to prove that the defendant entered into the

---

[1] N.Y. Penal Law § 190.40
[2] Conn. Gen. Stat. Ann. § 36a-563(a); Ga. Code Ann. § 16-17-1 *et seq.*; Md. Code Ann., Com. Law § 12-306; Mass. Gen. Laws Ann. ch. 140, § 96; 209 Mass. Code Regs. 26.01(1); Mont. Code Ann. § 31-1-701 *et seq.*; N.H. Rev. Stat. Ann. § 399-A:17(I); N.J. Stat. Ann. 2c:21-19; N.J. Admin Code 3:24-1.3; N.Y. Penal Law § 190.40; N.C. Gen. Stat. Ann. § 53-176(a); Ohio Rev. Code Ann. § 1321.35 et seq.; Or. Rev. Stat. ch. 725A (enacted in 2010); 18 Penn. Stat. Ann. § 4806.1(h); Vt. Stat. Ann. tit. 9, § 41a(b)(1); W. Va. Code Ann. § 46A-4-107(2); 2007 District of Columbia Laws 17-42 (Act 17–115).

charged conspiracy, and participated in the conspiracy, knowing that he, or any of his

coconspirators, would engage in the collection of unlawful debt.

> Adapted from the charges given by this Court in *United States* v. *Fusco*, 09 Cr. 1239 (PKC) (2009), and *United States* v. *Gotti*, 08 Cr. 1220 (PKC) (2009); definition of unlawful debt taken from *United States* v. *Biasucci*, 786 F.2d 504, 512 (2d Cir. 1986) and Sand, *Modern Federal Jury Instructions*, Instr. 6.18.1962C-9

## REQUEST NO. 7

## Counts Two Through Four: Substantive RICO Charges

Counts Two through Four of the Indictment charge the defendants with substantive violations of the RICO laws. Under this statute, it is a federal crime for any person who is employed by or associated with an enterprise that is engaged in or affects interstate commerce to conduct or to participate in the conduct of the affairs of that enterprise through collection of unlawful debt.

In order to find the defendant guilty of a substantive RICO violation, you must find that the Government proved each of the following five elements beyond a reasonable doubt:

First, that the enterprise alleged in the Indictment, referred to as the Tucker Payday Lending Organization, existed.

Second, that the Tucker Payday Lending Organization affected interstate commerce.

Third, that the defendant was associated with or employed by the Tucker Payday Lending Organization.

Fourth, that the defendant engaged in the collection of unlawful debt.

Fifth, that the defendant willfully and knowingly conducted or participated in the conduct of the affairs of the Tucker Payday Lending Organization through the collection of unlawful debt.

As you have seen, the first, second, and third elements of the substantive RICO offenses are identical to the first, second, and third elements of the RICO conspiracy offense charged in Count 1. With regard to these elements, you should rely on the instructions I have given you with regard to Count 1.

The principal difference between Count 1 and Counts 2 through 4 relates to the fourth and fifth elements of Counts 2 through 4. In Count 1, the RICO Conspiracy, as I have instructed you, the defendant need only have conspired or agreed to participate in the conduct of the affairs of the Tucker Payday Lending Organization knowing that he, or any of his coconspirators, agreed to the collection of unlawful debt. Under Counts 2 through 4, the substantive RICO counts, by contrast, you cannot convict the defendant you are considering unless you find that he actually conducted or participated in the conduct of the Tucker Payday Lending Organization, directly or indirectly, through that collection of unlawful debt.

### Counts Two Through Four: Fourth Element:

The fourth element the Government must prove with respect to Counts 2 through 4 is that the defendant engaged in the collection of unlawful debt.  Unlawful debt has the same meaning on which I instructed you previously.

For each of Counts 2, 3, and 4, the Indictment alleges five specific unlawful debts that the defendants engaged in collecting.  The Government does not need to prove the existence of two or more collections of unlawful debt forming a pattern. Rather, each individual instance of collection of unlawful debt constitutes a separate substantive RICO violation. You must, however, unanimously agree that the Government has proven beyond a reasonable doubt that the defendant engaged in collecting at least one particular debt named in a count before you may convict the defendant of that count.

### Counts Two Through Four: Fifth Element:

The fifth element the Government must prove with respect to Counts 2 through 4 is that the defendant willfully and knowingly conducted or participated in the conduct of the affairs of

the Tucker Payday Lending Organization, directly or indirectly, through the collection of unlawful debt.

It is not enough that there be an enterprise and that the defendant engaged in the collection of unlawful debt. More is required. There must be a meaningful connection between the defendant engaging in the collection of unlawful debt and the affairs of the enterprise. The defendant must have conducted or participated in the enterprise by collecting or aiding in the collection of unlawful debt. It is not necessary, however, that the collection of unlawful debt directly furthers the enterprise's activities. It is enough that the defendant's collection of unlawful debt was related to the enterprise's activities.

The fifth element also requires that the defendant have had some role in the operation, direction, or management of the enterprise. To conduct or participate in the conduct of the enterprise means the defendant must have played some part in the operation or management of the enterprise. The Government is not required to prove that the defendant was a member of upper management, and an enterprise is operated not only by those in upper management, but also by those lower down in the enterprise who act under the direction of upper management. It is sufficient if you find that the defendant provided substantial assistance to those who conducted the enterprise and thereby was involved in playing a part in the direction of the affairs of the enterprise through collection of unlawful debt.

> Adapted from the charges given by this Court in *United States* v. *Fusco*, 09 Cr. 1239 (PKC) (2009), and *United States* v. *Speed*, 04 Cr. 336   (PKC) (2004).

**REQUEST NO. 8**

**Counts One Through Four: RICO – Knowledge of State Laws Not Required**

To establish the unlawful debt portions of the RICO Counts I have just discussed, the Government is not required to prove that a defendant knew what the usury rates were in the states where the borrowers lived.

For example, in the case of a New York borrower, the Government does not need to prove that the defendant you are considering knew that the criminal usury rate was 25 percent. Nor does the Government have to prove that a defendant knew the usury laws or the enforceable rate of interest in any other state.

*See United States* v. *Biasucci*, 786 F.2d 504, 512 (2d Cir. 1986).

## REQUEST NO. 9

## Counts 1 through 4 – RICO – Relevant Law Pertaining to Tribal Sovereign Immunity

You have heard testimony and evidence regarding the concept of "tribal sovereign immunity." Tribal sovereign immunity is a legal rule that protects federally-recognized Indian tribes from being sued by states and that limits the means by which a state can enforce some of its laws against a federally-recognized tribe. Tribal sovereign immunity does not provide a tribe or its members with any rights to violate the laws of any state.

> *Michigan* v. *Bay Mills Indian Community*, 134 S. Ct. 2024, 2030, 2034-35 (2014); *Kiowa Tribe of Oklahoma v. Manufacturing Tech., Inc*., 523 U.S. 751, 755 (1998); *Colorado v. Western Sky Fin., L.L.C*., 845 F. Supp. 2d 1178, 1181 (D. Colo. 2011); *Consumer Fin. Protection Bureau v. CashCall, Inc.*, 15 Cv. 7522, 2016 WL 4820635 (C.D. Cal. Aug. 31, 2016).

**Count Five: Conspiracy to Commit Wire Fraud**

Count Five charges both defendants with conspiracy to commit wire fraud. To prove Count Five, the Government must prove beyond a reasonable doubt two elements:

First, the existence of the conspiracy charged, that is, an agreement or understanding to violate the laws of the United States that make it a crime to commit wire fraud; and

Second, that the particular defendant you are considering willfully and knowingly became a member of the conspiracy;

I have previously instructed you on the law of conspiracy, and you should follow those instructions here. The Indictment alleges that the object of the conspiracy charged in Count Five was to commit wire fraud, as charged in Count Six, which I will turn to next.

> Adapted from this Court's instructions in *United States* v. *Wayne Price*, S4 05 Cr. 0366 (PKC); *see also United States* v. *Roy*, 783 F.3d 418 (2d Cir. 2015) (no overt act requirement for conspiracy to commit wire fraud).

## REQUEST NO. 11

## Count Six: Wire Fraud

Count Six of the Indictment charges both defendants with violating Section 1343 of

Title 18 of the United States Code, which is the wire fraud statute. That statute provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

> Adapted from the charge of Judge Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (S.D.N.Y. 1989), *aff'd*, 917 F.2d 80 (1990); the charge of Judge Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (S.D.N.Y. 1991); and Sand et al., *Modern Federal Jury Instructions*, Instr. 44-1.

# REQUEST NO. 12

## Count Six: Wire Fraud

## Elements of the Offense

In order to prove a defendant guilty of wire fraud, the Government must separately establish beyond a reasonable doubt the following three essential elements:

First, that on or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant you are considering willfully and knowingly devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant you are considering used, or caused the use by others, of interstate or foreign wires, as specified in the Indictment.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); and the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), aff'd, 917 F.2d 80 (1990); the charge of the Honorable John G. Koeltl in *United States* v. *Szur*, 97 Cr. 108 (JGK) (1998); and the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (1991); *see also United States* v. *Dinome*, 86 F.3d 277, 283 (2d Cir. 1996); *United States* v. *Altman*, 48 F.3d 97, 101 (2d Cir. 1995); *United States* v. *Mittelstaedt*, 31 F.3d 1208, 1216 (2d Cir. 1994); *United States* v. *Miller*, 997 F.2d 1010, 1017 (2d Cir. 1993); *United States* v. *Wallach*, 935 F.2d 445, 461 (2d Cir. 1991); *United States* v. *Rodolitz*, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), *cert. denied*, 479 U.S. 826 (1986); *Polycast Technology Corp.* v. *Uniroyal, Inc.*, 728 F. Supp. 926 (1989) (elements of wire fraud).

## REQUEST NO. 13

## Count Six: Wire Fraud

## First Element – Existence of Scheme or Artifice to Defraud

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle. The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims and documents. A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements, half- truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. You may also find the existence of such a scheme if you find that the defendant in question conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

You may find that a scheme to defraud existed only if the Government has proven beyond a reasonable doubt the existence of the scheme alleged in the Indictment, which I read to you a few moments ago.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

The false representations and pretenses involved in the scheme to defraud must be "material." A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision. That means if you find a particular statement or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision. In particular, you must find that the statement or omission was one that would have mattered to a reasonable person in a pecuniary or monetary way. Actual reliance by the person on the representations is not required; it is sufficient if the misrepresentation is one that is capable of influencing the person's decision and is intended by the defendant to do so.

If you find that the Government has sustained its burden of proof that a scheme to defraud others of money or property did exist, as charged, you next should consider the second element.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-2.

## REQUEST NO. 14

## Count Six: Wire Fraud

## Second Element - Participation in Scheme with Intent to Defraud

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the defendant you are considering devised or participated in the fraudulent scheme willfully, knowingly, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, I remind you that it is not necessary for the Government to establish that the defendant you are considering originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme. The guilt of a defendant is not governed by the extent of his participation.

It also is not necessary that a defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the

unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if a defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I have previously noted, before a defendant may be convicted of the fraud charged here, he must also be shown to have acted willfully, knowingly and with a specific intent to defraud. I have previously explained the meaning of willfully and knowingly, and you should apply those instructions here. For this count, however, the Government must prove beyond a reasonable doubt that the defendant acted not only willfully and knowingly, but also with the specific intent to defraud others of money or property. To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted willfully, knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

Direct proof of willfulness, knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words,

conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

Adapted from the charge of the Honorable Kimba M. Wood in
*United States* v. *Shapiro*, 06 Cr. 357 (KMW) (2009).

## REQUEST NO. 15

## Count Six: Wire Fraud

## Third Element – Use of Interstate Wires

The third and final element that the Government must establish beyond a reasonable doubt as to the wire fraud count is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud. The term "wire facilities" includes telephones, faxes, e-mail, radios, and television.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as Kansas, Oklahoma, or Nebraska, or between the United States and another country.

It is not necessary for the defendant you are considering to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the particular defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

The Government must establish beyond a reasonable doubt the particular use charged in the Indictment. However, the Government does not have to prove that the wire was used on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wire was used on a date reasonably near the date alleged in the Indictment.

Let me add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (1991); and the charge of the Honorable John G. Koeltl, *United States* v. *Szur*, S5 97 Cr. 108 (JGK) (1998); *see United States* v. *Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); *United States* v. *Keats*, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), *cert. denied*, 502 U.S. 950 (1991); *United States* v. *Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck* v. *United States*, 489 U.S. 705 (1989); *United States* v. *Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 3029

(1992); *United States* v. *Keats*, 937 F.2d 58, 64 (2d Cir.), *cert. denied*, 112 S. Ct. 399 (1991).

## REQUEST NO. 16

## Count Six:  Wire Fraud

## Aiding and Abetting

With respect to Count Six, the Indictment also charges the defendants with what is called "aiding and abetting." The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

It also provides that:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under both parts of this statute, it is not necessary for the Government to show that the defendant you are considering himself physically committed the crime with which he is charged in order for you to find the defendant guilty. Thus, if you do not find beyond a reasonable doubt that the defendant you are considering committed the crime charged himself, you may, under certain circumstances, still find that particular defendant guilty of that crime as an aider or abettor, or as someone who willfully caused the commission of that crime.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find a particular defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person physically committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly participate in the crime by doing some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

To establish that a defendant participated in the commission of the crime, the Government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a particular defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture willfully and knowingly?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then that defendant is not an aider and abettor, and is not guilty of aiding and abetting that offense.

I will now move to the second way that a defendant may be found guilty of aiding and abetting the crime charged in Count Six. And that is by willfully causing the commission of a crime.

What does the term "willfully cause" mean? It does not mean that the defendant in question needs to have physically committed the crime, or supervised or participated in the actual commission of the crime charged in the Indictment. The meaning of the term "willfully cause" can be found in the answers to the following questions:

- First, did the defendant you are considering take some action without which the crime would not have succeeded?

- Second, did the defendant you are considering intend that the crime would be actually committed by others?

If the answers to both of these questions are yes, then the particular defendant is guilty of the crime charged just as if he had committed the crime. To find that defendant liable under the provisions of the statute, the Government need not prove that he acted through a guilty intermediary. That is, a defendant could be found liable even if he acted through someone who is entirely innocent of the crime charged in the Indictment.

> Adapted from this Court's instructions in *United States* v. *Wayne Price*, S4 05 Cr. 0366 (PKC), and Sand, *Modern Federal Jury Instructions*, Instr. 11-2.

## REQUEST NO. 17

## Counts Five and Six:

## Good Faith

Since an essential element of wire fraud is an intent to defraud, it follows that good faith on the part of a defendant is a defense to that charge. A defendant, however, has no burden of establishing a defense of good faith. The burden is on the Government to prove fraudulent intent beyond a reasonable doubt and, consequently, a lack of good faith.

Even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a particular defendant, and an honest belief that all material facts have been disclosed, is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a particular defendant acted in good faith, you are instructed that a belief by the defendant you are considering, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that the defendant acted in good faith.

No amount of honest belief on the part of the defendant you are considering that the scheme would ultimately aid the customers will excuse that defendant, if the defendant had the specific intent to harm his victims by depriving them of accurate information that was material to their decisions about how to use their assets, even if the defendant sought only to deprive the purchasers and prospective purchasers of accurate information for a limited period of time.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5
(based on the charge of the Honorable Edward Weinfeld in *United*

38

*States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (1990); the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (1991); the charge of the Honorable John G. Koeltl in *United States* v. *Szur*, 97 Cr. 108 (JGK) (1998); and the charge of the Honorable Allen G. Schwartz in *United States* v. *Reinhold*, 97 Cr. 686 (AGS) (1998); see also *United States* v. *Bryser*, 954 F.2d 79, 88-89 (2d Cir. 1992) (mail fraud; Government need not establish that defendant participated in all aspects of scheme), cert. denied, 112 S. Ct. 2939 (1992); *United States* v. *Amrep Corp.*, 560 F.2d 539, 543 (2d Cir. 1977) (holding that defendant may be liable for fraudulent transaction in which he did not directly participate, so long as part of overall scheme) (citations omitted), *cert. denied*, 434 U.S. 1015 (1978); *United States* v. *Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States* v. *King,* 860 F.2d 54, 55 (2d Cir. 1988) (same), *cert. denied*, 490 U.S. 1065 (1989); *United States* v. *Rossomando*, 144 F.3d 197 (2d Cir. 1998).

## REQUEST NO. 18

## Counts Five and Six: Wire Fraud

## No Ultimate Harm

Acting with intent to defraud requires acting with a purpose to cause actual financial harm to another. Actual financial harm includes denying a person or entity access to money. If a defendant deliberately supplies materially false information in order to obtain money, but believes that no harm will ultimately accrue to the person from which he obtained the money, i.e. that the victim will be better off having entered a lending relationship with the defendant or his associates, that belief that no harm will result, or even the fact that no harm results, is no defense. Thus, if you find that the defendant you are considering intended to inflict harm by obtaining money fraudulently, you may find that the defendant acted with intent to defraud.

> Adapted from the charge of the Honorable Denise L. Cote in *United States* v. *Robinson*, 98 Cr. 167 (DLC) (2000); *see also United States* v. *DiNome*, 86 F.3d 277, 284 (2d Cir. 1996) (definition of property includes right to control the use of assets; intent to defraud where defendant intends to deprive victim of information material to victim's decision on how to deal with assets); *United State*s v. *Rossomando*, 144 F.3d 197 (2d Cir. 1998) (intent to cause harm to victim where defendant obtains loan by means of false information, notwithstanding intent to repay loan, because defendant intended to deprive lender of ability to accurately determine risk); *United States* v. *Berkovich*, 168 F.3d 64, 66 (2d Cir. 1999) (same).

## REQUEST NO. 19

## Counts Five and Six:

## Negligence of Victim Not a Defense

It is also unimportant whether a victim might have discovered the fraud had it probed further. If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.

Adapted from the charge of the Honorable Kimba M. Wood in *United States* v. *Shvartsman*, 04 Cr. 1368 (KMW) (2006).

**Count Seven: Conspiracy to Commit Money Laundering**

Count Seven charges both defendants with conspiracy to commit money laundering. To prove Count Seven, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged.  In other words, that two or more persons entered into the unlawful agreement to commit money laundering.

Second, that the defendant you are considering willfully and knowingly became a member of the conspiracy charged in Count Seven.

I have previously instructed you on the law of conspiracy, and you should follow those instructions here. The Indictment alleges that the money laundering conspiracy charged in Count Seven had two objects:

The first object of the conspiracy was to participate in a financial transaction that involves the proceeds of specified unlawful activity with the intent to promote the carrying on of that activity, The Indictment charges a violation of that federal statute as a substantive crime in Count Eight.  I will describe the elements of Count Eight momentarily.

The second object of the conspiracy charged in Count Seven was to participate in a financial transaction that involves the proceeds of specified unlawful activity, knowing that the transaction was designed to conceal or disguise the nature, location, source, ownership or control of those proceeds. The Indictment charges violation of that federal statute as a substantive crime in Count Nine.  I will describe the elements of Count Nine after discussing Count Eight.

The Government need not prove that the defendant you are considering agreed to accomplish both objects in order to convict the defendant of the conspiracy to commit money laundering charged in Count Seven. Nor must you find that either object was actually accomplished. An agreement to accomplish either of the two objects is sufficient. However, you must all agree on the specific object that the defendant you are considering agreed to try to accomplish.

> Adapted from the charge of the Honorable Lawrence M. McKenna in *United States* v. *Gonzalez*, 10 Cr. 141 (LMM) (2011) and Sand, *Modern Federal Jury Instructions*, Instr. 19-3.

## REQUEST NO. 21

## Count Eight: Promotion Money Laundering

## Elements

Count Eight charges both defendants with committing the substantive crime of money laundering by engaging in financial transactions that involved the proceeds of illegal activity, specifically the wire fraud charged in Count Six of the Indictment, with the intent to promote the carrying on of further wire fraud transactions. In order to prove a defendant guilty of conspiring to commit this crime, the Government must establish beyond a reasonable doubt the following elements:

First, that the defendant conducted or attempted to conduct a "financial transaction," which I will define for you. That financial transaction must in some way or degree affect interstate or foreign commerce;

Second, that the defendant conducted or attempted to conduct the financial transaction with property or funds that involved the proceeds of some form of specified unlawful activity;

Third, that the defendant engaged in or attempted to engage in the transaction with knowledge that the transaction involved the proceeds of some form of unlawful activity; and

Fourth, to engage in the financial transaction with the intent to promote the carrying on of specified unlawful activity.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-2; 18 U.S.C. 1956(a)(1)(A).

44

## REQUEST NO. 22

## Count Eight: Promotion Money Laundering

## First Element

The first element that the Government must prove beyond a reasonable doubt in Count Eight is that the defendant conducted or attempted to conduct a financial transaction involving property constituting the proceeds of specified unlawful activity, namely, wire fraud.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft. Interstate commerce includes any transmission, transfer or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places or entities located in one state and persons, places or entities located in another state, regardless of whether done for a business purpose or otherwise. Foreign commerce means the same thing, except it is between a person, place or entity in the United States and a person, place or entity in a foreign country.

In determining whether someone is engaged in, or whether his activities affect interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element. You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-3; *United States* v. *Leslie*, 103 F.3d 1093, 1100-01 (2d Cir. 1997).

## REQUEST NO. 23

## Count Eight: Promotion Money Laundering

## Second Element

The second element that the Government must prove beyond a reasonable doubt is that the property involved in the financial transaction constituted the proceeds of some form of specified unlawful activity.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the Government has alleged that the funds in question were the proceeds of wire fraud. I instruct you that, as a matter of law, wire fraud falls within the definition of "specified unlawful activity." However, it is for you to determine whether the funds were the proceeds of the unlawful activity charged in the Indictment.

Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 50A-3.

<h1 style="text-align:center">REQUEST NO. 24</h1>

<h2 style="text-align:center">Count Eight: Promotion Money Laundering</h2>

<h2 style="text-align:center">Third Element</h2>

The third element that the Government must prove beyond a reasonable doubt is that the defendant engaged in or attempted to engage in a financial transaction with knowledge that the transaction involved the proceeds of some form of unlawful activity.

To satisfy this element, the Government must prove that the defendant you are considering conducted or attempted to conduct the transaction knowing that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, the Government does not have to prove that the conspirators specifically knew that the property involved in the transaction represented the proceeds of the wire fraud alleged here. The Government only has to prove that the defendant conducting or attempting to conduct the financial transaction knew that the transaction represented the proceeds of some illegal activity that was a felony.

I instruct you that, as a matter of law, in New York it is a felony to take or receive any money as interest on a loan at a rate exceeding 25 percent per year, although whether that occurred in this case is a matter of fact that you must determine for yourselves.

Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 50A-4.

## REQUEST NO. 25

## Count Eight: Promotion Money Laundering

## Fourth Element

The fourth element which the Government must prove beyond a reasonable doubt is that the defendant you are considering engaged in or attempted to engage in the financial transaction with intent to promote the carrying on of specified unlawful activity, namely, wire fraud.

To act intentionally means to act willfully, not by mistake or accident, with the deliberate purpose of promoting, facilitating or assisting the carrying on of wire fraud. If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of wire fraud, then the fourth element is satisfied.

Adapted from L. Sand, *Modern Federal Jury Instructions*, Instr. 50A-5.

## REQUEST NO. 26

## Count Nine: Concealment Money Laundering

## Elements

Count Nine charges both defendants with committing money laundering by engaging in financial transactions that involved the proceeds of wire fraud with the intent to conceal the nature, source, location, ownership, or control of those proceeds. In order to prove the defendant you are considering guilty of this crime, the Government must establish beyond a reasonable doubt that:

First, that the defendant conducted or attempted to conduct a "financial transaction";

Second, that the defendant conducted or attempted to conduct the financial transaction with property or funds that involved the proceeds of some form of specified unlawful activity;

Third, that the defendant engaged in or attempted to engage in the transaction with knowledge that the transaction involved the proceeds of some form of unlawful activity; and

Fourth, that the defendant engaged in or attempted to engage in the financial transaction knowing that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity. The first three of these elements are identical to the elements for the money laundering crime charged in Count Eight. Only the fourth element, regarding the purpose of the financial transaction, is different. I therefore am only going to provide additional instructions on that element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-7; 18 U.S.C. 1956(a)(1)(B); *United States* v. *Henry*, 325 F.3d 93, 103 (2d Cir. 2003).

# REQUEST NO. 27

## Count Nine: Concealment Money Laundering

### Fourth Element

With respect to the fourth element of the money laundering crime charged in Count Nine, the Government must prove beyond a reasonable doubt that the defendant you are considering acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, namely wire fraud. The terms I have just used have their everyday meaning.

If you find that the evidence establishes beyond a reasonable doubt that the defendant you are considering knew of the purpose of the transaction in issue, and that he or she knew that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied.

However, if you find that the defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question, you must find that this element has not been satisfied and find the defendant not guilty.

Proof that the defendant knew the purpose of the financial transaction was to conceal or disguise the location or ownership of the proceeds of specified unlawful activity may be established by proof that the defendant actually knew, or knew because of circumstantial evidence. In other words, you are entitled to find from the circumstances surrounding the financial transaction what the purpose of the activity was and that the defendant knew of that purpose.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-10 and the *Levy* Charge. *See also* N.Y. Penal Law § 190.40 (criminal usury in the second degree).

## REQUEST NO. 28

## Counts Eight and Nine:

## Aiding and Abetting

Counts Eight and Nine of the Indictment also charge the defendants with aiding and abetting the money laundering crimes charged in those counts. I have previously instructed you on the law of aiding and abetting, and you should apply those instructions here.

## REQUEST NO. 29

## Counts Ten Through Fourteen: Truth in Lending Act Violations

## General

Counts Ten through Fourteen of the Indictment charge that both defendants violated a provision of federal law known as the Truth in Lending Act, often called "TILA." I will now read the relevant portion of the Indictment to you:

*The Court is requested to read Paragraph 60 of the S1 Indictment.*

As charged in the Indictment, the Government can prove this crime in one of two ways:

<u>First</u>, by proving beyond a reasonable doubt that the defendant you are considering willfully and knowingly gave false and inaccurate information or failed to provide information which they were required to disclose under the Truth in Lending Act.

<u>Second</u>, by proving beyond a reasonable doubt that the defendant you are considering used a chart or table authorized by a Government agency called the Bureau of Consumer Financial Protection in such a manner as to consistently understate the annual percentage rate as calculated by a provision of federal law.

I will discuss each concept in turn. With respect to the first, the terms "willfully" and "knowingly" have the same meaning I have previously explained to you. The terms "false" and "inaccurate" have their everyday meaning. In this case, the Government has alleged that the defendants materially understated the true cost of the loans extended by the Tucker Payday Lenders by disclosing false and inaccurate information with respect to the finance charges, annual percentage rate, and total payments due under loans extended by the Tucker Payday Lenders. I instruct you as a matter of law that finance charges, annual percentage rate, and total

payments due under a loan are disclosures required under the Truth in Lending Act. Whether the disclosures were false or inaccurate, however, is a determination you must make.  In order to find the defendant you are considering guilty in this manner, you must also determine that the false or inaccurate disclosures were material, meaning that the degree of falsehood or inaccuracy was such that it would be material to a borrower. I have previously explained the meaning of material, and you should apply those instructions here.

With respect to the second manner in which the Government can prove the defendant guilty, you have heard evidence concerning the use of charts or tables referred to as "TILA boxes." I instruct you as a matter of law that these so-called TILA boxes are a chart or table authorized by the Bureau of Consumer Financial Protection. Whether the defendant you are considering used a TILA box to consistently understate the annual percentage rate of the loans in question is, however, a question you must determine.

# REQUEST NO. 30

## Venue

In addition to all of the elements I have described, you must also decide whether any act in furtherance of each of those crimes occurred within the Southern District of New York, which includes all of Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

With respect to the RICO counts charged in Counts through Four, the wire fraud counts charged in Counts Five and Six, and the TILA counts charged in Counts 10 through 14, this means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime, occurred within the Southern District of New York.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York.

With respect to the money laundering counts charged in Counts Eight and Nine, venue is proper here in the Southern District of New York if you find that a financial or monetary transaction was conducted here, or if you find that the wire fraud charged in Count Six, or any act committed to further or promote the wire fraud charged in Count Six, occurred here, if the defendant participated in the transfer of the proceeds of the wire fraud from the Southern District of New York to where the financial or monetary transaction was conducted. With respect to the

conspiracy to commit money laundering charged in Count Seven, venue is proper here in the

Southern District of New York if you find that venue is proper here for either Count Eight of

Count Nine, or if an act in furtherance of the conspiracy took place here.

If you find that the Government has failed to prove this venue requirement by a

preponderance of the evidence with respect to any one of the charges in the Indictment, then you

must acquit the defendant of that charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. *Rogers*, 90 Cr. 377 (CSH) (1991) (wire fraud), and from Sand, *Modern Federal Jury Instructions*, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district). *See also United States* v. *Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994) ("[P]hone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy."); *United States* v. *Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard); 18 U.S.C. § 1956(i).

## REQUEST NO. 31

## Conscious Avoidance

## [If Applicable]

In determining whether the defendant you are considering acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, with regard to [Applicable Count], if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a scheme to defraud existed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he and his associates were acting in a lawful manner. However, let me emphasize again that the necessary knowledge cannot be established by a showing that the defendant was careless, negligent, or even foolish.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to the conspiracies charged in the Indictment. First, there is a difference between knowingly participating in a joint undertaking and knowing the object of that undertaking. "Conscious avoidance" as I have described it, cannot be used as a substitute for finding that the defendant you are considering knowingly agreed to a joint undertaking. It is logically impossible for a person to agree to join another person unless he knows that he has made such an agreement.

However, if you find beyond a reasonable doubt that the defendant you are considering entered into such an agreement, in considering whether the particular defendant knew that the objective or goal of that agreement was to engage in wire fraud, you may consider whether that

defendant deliberately avoided confirming otherwise obvious facts about the purpose of the

agreement, that is, whether he deliberately closed his eyes to what would otherwise have been

obvious.

> Adapted from this Court's charge in *United States* v. *Wayne Price*, S4 05 Cr. 0366 (PKC), the charge upheld in *United States* v. *Mang Sun Wong*, 884 F.2d 1537, 1541-43 (2d Cir. 1989); *see also United States* v. *Jacobs*, 117 F.3d 82 (2d Cir. 1997) (conscious avoidance charge in bank fraud case proper where defendant claimed ignorance).

## REQUEST NO. 32

## Particular Investigative Techniques Not Required

## [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were used by the Government and certain other investigative techniques were not used. There is no legal requirement that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charges of the Honorable Loretta A. Preska in *United States* v. *Ronald Davidson*, 97 Cr. 490 (LAP) (1998); the charge of the Honorable Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (1992); and the charge of the Honorable John F. Keenan in *United States* v. *Medina*, 912 Cr. 894 (JFK) (1992).

# REQUEST NO. 33

## Defendant's Testimony

### [Requested only if a defendant testifies.]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, [defendant SCOTT TUCKER/TIMOTHY MUIR/both defendants] did testify and [he was/they were] subject to cross-examination like any other witness. You should examine and evaluate the defendant's testimony just as you would the testimony of any witness.

Adapted from *United States* v. *Prince Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

**Defendants' Right Not To Testify**

**[If Requested By Defense]**

The defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

## REQUEST NO. 35

## Law Enforcement Witnesses

## [If Applicable]

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 7-16.

# REQUEST NO. 36

## Cooperating Witnesses

## [If Applicable]

You have heard witnesses who testified that they committed crimes and, in some cases, that they were actually involved in the crimes charged in the Indictment. There has been a great deal said about these so-called accomplice (or "cooperating") witnesses in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices and cooperating witnesses is properly considered by the jury. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, the accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon her credibility. However, it

does not follow that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness' demeanor, candor, the strength and accuracy of a witness' recollection, his or her background and the extent to which his or her testimony is or is not corroborated by other evidence. You may consider whether accomplice witnesses – like any other witnesses called in this case – have an interest in the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony about an agreement between the Government and one or more witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether the accomplices would benefit more by lying, or by telling the truth. Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely? Or did he or she believe that his or her interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him or her to lie, or was it one which would cause him or her to tell the truth? Did this motivation color his or her testimony? If you find that the testimony was false, you should reject it. However, if, after a cautious and careful

examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-5; from the charge of the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (JFK) (1991); and from the charge in *United States* v. *Projansky*, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote). See *United States* v. *Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and *United States* v. *Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977) (same). *See also United States* v. *Swiderski*, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## REQUEST NO. 37

## Character Witnesses

## [If Applicable]

During the course of this trial, there has been testimony that defendant [SCOTT TUCKER/TIMOTHY MUIR] [describe testimony: e.g., has a reputation for honesty and integrity in his or her community.] [There has also been testimony to the contrary]. That testimony bears on the defendant's character. Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant. [Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.] The guilt or innocence of a defendant is for you alone to determine, and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15; and from the charge in *United States* v. *Pujana-Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal).

**REQUEST NO. 38**

**Stipulations of Fact**

**[If Applicable]**

In this case you have heard evidence in the form of stipulations that contained facts that were agreed by the parties to be true. You must accept the facts contained in those stipulations to be true.

> Adapted from the charge of Judge Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (1992), *aff'd*, 21 F.3d 1228 (2d Cir. 1994), and from Sand, *Modern Federal Jury Instructions*, Instr. 5-6 & 5-7.

**REQUEST NO. 39**

**Stipulations of Testimony**

**[If Applicable]**

A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect and weight to be given that testimony.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-7.

# REQUEST NO. 40

## Variance in Amounts

## [If Applicable]

As we have proceeded through the Indictment, you have noticed that it refers to various amounts. If the Indictment charges that certain monetary amounts were involved, and the testimony or exhibits indicate that in fact different amounts were involved, it is sufficient if you find that the amounts involved are substantially similar to the amounts as alleged in the Indictment.

> Adapted from the charges of the Honorable Edward Weinfeld in *United States* v. *Della Rocca*, 72 Cr. 217 (EW) (1972); of Judge Metzner in *United States* v. *Koss*, aff'd, 506 F.2d 1103 (2d Cir. 1974); and of the Honorable Richard Owen in *United States* v. *Lofland*, 75 Cr. 769 (RO) (1975); Sand, *Modern Federal Jury Instructions*, Instr. 3-12, 3-13.

**Limiting Instruction: Similar Act Evidence**

**[If Applicable]**

The Government has offered evidence to show that on a different occasion defendant SCOTT TUCKER engaged in conduct similar to the charges in the Indictment. In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.

Moreover, if you determine that the defendant did engage in the other conduct, and you find that the conduct had sufficiently similar characteristics to the acts charged in the Indictment, then you may, but you need not, infer that the acts charged in the Indictment were part of a common plan or scheme employed by the defendant.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed

the other act, he must also have committed the acts charged in the Indictment. You may only

consider this evidence on the issue of common plan or preparation, or on the issue of whether the

defendant acted knowingly and intentionally.

Adapted from the charge of the Honorable Kimba M. Wood in *United States* v. *Kelley*, S2 05 Cr. 254 (KMW) (2006); the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (JFK) (1991); and from Sand, *Modern Federal Jury Instructions*, Instr. 5-25. *See United States* v. *Brauning*, 553 F.2d 777, 781 (2d Cir. 1977) (intent and knowledge); *United States* v. *Arroyo-Angulo*, 580 F.2d 1137 (2d Cir. 1978) (plan or preparation); *United States* v. *Campanile*, 516 F.2d 288 (2d Cir. 1975) (plan or preparation). See *United States* v. *Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## REQUEST NO. 42

## Uncalled Witnesses: Equally Available

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7. *See United States* v. *Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States* v. *Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

## REQUEST NO. 43

## Charts and Summaries: Admitted As Evidence

## [If Applicable]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Adapted from the charge of the Honorable Kimba M. Wood in *United States* v. *Bell*, et al., 00 Cr. 92 (KMW), tr. 4038-39.

**Summary Charts: Not Admitted As Evidence**

**[If Applicable]**

There have also been a number of summary charts and exhibits introduced merely as a summary and analysis of testimony and documents in the case. The charts and exhibits act as visual aids for you. They are not, however, evidence in themselves. They are graphic demonstrations of underlying evidence. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from the charge of Judge Lloyd MacMahon in *United States* v. *Bernstein*, 68 Cr. 33, Tr. 791, *aff'd*, 317 F.2d 641 (2d Cir. 1969).

# REQUEST NO. 45

## Preparation of Witnesses

## [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness' credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness' preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (1999).

## REQUEST NO. 46

## Redaction of Evidentiary Items

## [If Applicable]

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or tape was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

## REQUEST NO. 47

## Improper Considerations:

## Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex, or age of any other witness or anyone else involved in this case. The defendants are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Honorable Kimba M. Wood in *United States* v. *Alfonso*, 02 Cr. 570 (KMW) (2003), and the charge of the Honorable Richard M. Berman in *United States* v. *Kamara*, S1 01 Cr. 979 (RMB) (2003).

## REQUEST NO. 48

## Persons Not On Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals other than the defendants are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States* v. *Bello*, 91 Cr. 571 (MBM) (S.D.N.Y.), *aff'd*, 990 F.2d 622 (2d Cir. 1993), and the charge of the Honorable Louis L. Stanton in *United States* v. *Nguyen*, 94 Cr. 541 (LLS) (1995).

## REQUEST NO. 49

## Sympathy: Oath as Juror

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proved the guilt of the defendant you are considering beyond a reasonable doubt?

It is for you and you alone to decide whether the Government has proved that the defendants are guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to any of the individual defendant's guilt with respect to a particular count, you should not hesitate to render a verdict of acquittal on that charge for that defendant. But, on the other hand, if you should find that the Government has met its burden of proving that defendant's guilt beyond a reasonable doubt, with respect to a particular count, you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

## REQUEST NO. 50

## Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment with which he is charged.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Dated: New York, New York
   January 18, 2017

         Respectfully submitted,

         PREET BHARARA
         United States Attorney
         Southern District of New York


    By: _/s/_____
      Niketh Velamoor/Hagan Scotten/Sagar Ravi
      Assistant United States Attorneys
      Tel.: (212) 637-1076 / 2410 / 2195