UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA,

                                          16 Cr. 91(PKC)

      -against-                    ORDER

SCOTT TUCKER and TIMOTHY MUIR,

          Defendants.
----------------------------------------x
CASTEL, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/17

        The indictment charges, among other things, that the two defendants operated a "pay day loan" business in which loans were made at usurious rates to thousands of customers. It further alleges that the defendants tried to shield their business from state scrutiny by engaging in sham transactions that made it appear that the lenders were Native American Tribes immune from state usury laws. It also alleges that the loan disclosures to customers were materially false and misleading in setting forth the overall cost of the loan to the customer.

        Presently before the Court is an ex parte application by defendant Scott Tucker for the issuance of twenty trial subpoenas, pursuant to Rule 17(c), Fed. Crim. P. The subpoenas are returnable five weeks before trial. The subpoenas were transmitted to the Court under cover of two letters dated February 9 but received by mail today.

        Twelve of the subpoenas are issued to a Native American Tribe, Tribally charted corporations or business run by a Tribally charted corporation. Eleven are sweeping in scope and for a twelve year period seek, among other things, the following: "All internal financial statements," "All tax filings, including papers relied upon to prepare tax filings," "Monthly management reports . . . .," "Organization Chart and management organization by job function

chart," "Board of Directors Resolutions and Minutes. . . ." The twelfth is a subpoena seeking any and all board resolutions and minutes of meetings "for the purpose of discussing [a certain] Non-Prosecution Agreement. . . ."

Eight of the subpoenas are directed to financial institutions where certain Tribes or Tribal Entities "on information and belief" held various types of accounts. These subpoenas cover a five year period and in total 43 bank accounts.

The twenty subpoenas are the result of the work of a forensic Certified Public Accountant who, together with his staff, "have reviewed the records provided to them by defense counsel [and have] compiled a list of additional requested records. . . .(Ltrs. of L. Ginsberg, Feb. 9, 2017.)

The Supreme Court has expressly adopted Judge Weinfeld's formulation of the standard for the issuance of a trial subpoena:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition'.

United States v. Nixon, 418 U.S. 683, 699-700 (1974)(citing United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)(Weinfeld, J.)(footnote omitted).

Judge Marrero has elaborated further:

In order to avoid speculation that the moving party is using Rule 17(c) to circumvent normal discovery requirements, the party's Rule 17(c) subpoena "must be able to 'reasonably specify the information contained or believed to be contained in the documents sought' rather than 'merely hop[e] that something useful will turn up.' " . . . . Subpoenas seeking "any and all" materials, without

> mention of "specific admissible evidence," justify the inference
> that the defense is engaging in the type of "fishing expedition"
> prohibited by Nixon.

United States v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013)(citations omitted.)

The Court is unable to conclude that the sought documents meet the relevancy and evidentiary thresholds of Rules 401 and 402, Fed. R. Evid. Nor has it been demonstrated that the defendant cannot properly prepare for trial without the subpoenaed documents. Finally, the nature of the requests suggest that they are in the nature of a "fishing expedition" because there appears to be only a vague hope that the documents will have something that might be of use in defending the case.

It is important to adhere to the Nixon standard in this case because it is foreseeable that the result of the issuance of the subpoenas would be a protracted dispute over the application of sovereign immunity. Compare United States v. James, 980 F.2d 1314 (9th Cir. 1992) and Catskill Development, LLC v. Park Place Entertainment Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) with United States v. Juvenile Male 1, 431 F.Supp.2d 1012 (D. Ariz. 2006). If the requirements under Rule 17(c) are fully met, a subpoena should issue, regardless of consequences. But an ill-considered determination of compliance with the standard, including an erroneous finding that the materials were necessary to the defense of the action, could improperly derail the prosecution of the action.

Applications denied.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
February 15, 2017