# FREEMAN, NOOTER & GINSBERG
## ATTORNEYS AT LAW

LOUIS M. FREEMAN　　　　　　　　　　　　　　　　　　　　　　　　　　　　75 MAIDEN LANE
THOMAS H. NOOTER　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SUITE 503
LEE A. GINSBERG　　　　　　　　　　　　　　　　　　　　　　　　　　　NEW YORK, N.Y. 10038
_____　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
NADJIA LIMANI　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(212) 608-0808
OF COUNSEL　　　　　　　　　　　　　　　　　　　　　　　　　　TELECOPIER (212) 962-9696
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　E-MAIL: FNGLAW@AOL.COM
_____
CHARLENE RAMOS　　　　　　　　　　　　　　　　　　　　　　　　　　　　WWW.FNGLAW.COM
OFFICE MANAGER

May 26, 2017

BY ECF
Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

　　　　　　　　　　　　　　Re: United States v. Tucker
　　　　　　　　　　　　　　　　　16 CR 91 (PKC)

Dear Judge Castel:

　　　　We write to apprise the Court of the recent production by the Government of approximately 183,118 new discovery files totaling approximately 100 gigabytes of data. We have met and conferred with the Government prior to the submission of this letter as required pursuant to Local Rule 16.1. The details regarding this production are contained in Exhibit A, our May 18, 2017 letter to AUSA Velamoor, but can be summarized as follows. On May 2, 2017, AUSA Velamoor advised my associate, Nadjia Limani, that there were some number of discovery files that were not produced to the defendants during the initial discovery productions. On May 4, 2017, Ms. Limani again spoke to AUSA Velamoor and discussed the possibility of transferring these files directly through the Relativity platform. After further conversations with our paralegal, Eli Salamon-Abrams, and Relativity representatives, we determined the most cost effective way to proceed would be to have the Government load these files onto an external hard drive for our review rather than apply for the additional funds to have them loaded onto the Relativity platform (we were informed by Relativity that the cost of loading these files would be at least $22,000). On May 9, 2017, Ms. Limani and Mr. Salamon-Abrams spoke to AUSA Velamoor and his paralegal, Emily Grant. During this call we were informed that there were approximately 180,000 files that should have been produced to the defense but were not. On May 10, 2017, we retrieved the loaded hard drive and began reviewing its contents.

　　　　After a cursory review of the magnitude and types of files contained on the drive, we conferred with counsel for Mr. Muir and wrote to AUSA Velamoor on May 18, 2017 requesting both an index of the newly produced materials and the identification of any "hot docs," i.e., documents contained in this new production that the Government may use at trial. On May 25, 2017, we received a response from the Government, attached hereto as Exhibit B. The Government states that it does not have an index or other document summarizing these newly provided files and that it "has not identified any documents contained in the new production that are of particular interest [to the Government]." Exhibit B.

1

Based on our review of the newly produced files, there are a total of 183,118 new files. The majority of these files were produced by counsel for the Miami Tribe of Oklahoma to the Government and have an AMG or MNE Bates Stamp. There are approximately 29,213 audio files and the remainder are primarily Excel spreadsheets.[1] Regarding the audio files, we have estimated that each file is on average one to three minutes long. This translates to at a minimum 29,213 minutes, or 487 hours of new audio. To put this in context, prior to this May 10, 2017 production, we had been provided with a total of 972 audio files. All 972 files have been listened to by a member of the defense team. We are now faced with a minimum of 29,213 additional minutes of discovery to review. If someone started listening to these audio files on Monday and listened to them for forty hours a week, it would take them at least 12 weeks to finish listening to them.

Regarding the newly produced spreadsheets, we have reviewed a sampling of these files and the vast majority of them appear to have been created in different areas of the payday lending business. For example, there are financial spreadsheets, customer database files and other types of spreadsheets that we have not yet had the opportunity to identify. Because we are required to review these files one by one (as they have not been uploaded to the Relativity platform), this is an extremely time consuming endeavor. It is worth noting that even if these files were uploaded to Relativity, we would have to process them in the same way we have processed the previously produced 2,621,777 million discovery documents. This will also be a time consuming process, as we are not yet fully completed with the Relativity review of the previously produced materials. Our review of those materials has taken approximately one year with the assistance of our paralegal working forty-hour weeks. Adding these new materials to Relativity would add an additional 153,000 documents in addition to the cost factor.

While the Government has assured defense counsel that they have not identified any documents of interest in this new production, this does not relieve defense counsel's responsibility to review these materials for information possibly helpful to the defense. In addition, upon our own review, we might have concerns that there are materials among these files that the Government may ultimately decide to use in its direct case. For example, the Government maintains that as part of the fraud in this case, customer service representatives made misleading statements to customers. There is no other way to determine the validity of this claim than by listening to the customer service calls (a large portion of the newly produced audio), which is exactly what the defense team did with the 972 audio files previously produced by the Government. Another example are any internal financial documents located in these materials. While they may not be "of interest" to the Government, any such documents that we may locate will be forwarded to our forensic CPA for his review.

Based on the timing of this production, almost a month after trial was originally scheduled to begin on April 17, 2017, and the magnitude of the production, it is not possible for defense counsel to review these materials while simultaneously completely its review of the original discovery in Relativity and generally preparing for trial, now approximately 15 weeks away. Given these current circumstances, we are forced to request a further continuance of the trial date to allow defense counsel the opportunity to review these materials and be able to use

---

[1] There are also a number of PowerPoint presentation files, Quicktime movie files and miscellaneous file types that have not yet been identified.

them at trial.  We will be prepared to further discuss this issue at the upcoming status conference on June 16, 2017 or at an earlier date.

                                              Respectfully Submitted,

                                              /s/ Lee A. Ginsberg

                                              _____

                                              Lee A. Ginsberg