# FREEMAN, NOOTER & GINSBERG
**ATTORNEYS AT LAW**

LOUIS M. FREEMAN
THOMAS H. NOOTER
LEE A. GINSBERG

———
NADJIA LIMANI
OF COUNSEL
———
CHARLENE RAMOS
OFFICE MANAGER

75 MAIDEN LANE
SUITE 503
NEW YORK, N.Y. 10038
———
(212) 608-0808
TELECOPIER (212) 962-9696
E-MAIL: FNGLAW@AOL.COM
WWW.FNGLAW.COM

May 18, 2017

BY ELECTRONIC MAIL
AUSA Niketh Velamoor
United States Attorney's Office
1 St. Andrews Plaza
New York, NY 10007

Re: United States v. Tucker
16 CR 91 (PKC)

Dear Mr. Velamoor:

We write to summarize the events beginning on May 2, 2017, regarding the production of additional discovery files in the above-referenced matter.  On May 2, 2017, I received a phone call from you concerning the subject of "native" files that were not produced to the defense.  You advised that we should provide a hard drive to the Government for the production of the entire universe of native files (which would include the 25,000 native files the defense was previously provided and the 180,000 newly provided native files).  Shortly thereafter, we delivered a hard drive to your office.

On May 4, 2017, we spoke again by phone regarding the native files.  During this conversation, I relayed to you that defense counsel is using the Relativity platform to store and review discovery material. We discussed the possibility of transferring the native files within the Relativity platform.  I informed you that we had utilized our budget and would not be able to upload these additional files without incurring significant additional cost and Court approval.  I then discussed this matter with our paralegal, Eli Salamon-Abrams, as he is the most experienced Relativity user on our team.  He advised  that we would have to make sure that any transfer of files did not replace our current files which include our work product.  He e-mailed you regarding this issue on May 4, 2017.  Subsequent to that e-mail, there was additional correspondence with Mr. Salamon-Abrams regarding contacting our Relativity representative, Katie Bogner to create a list of the native files we were missing in our Relativity database.   After further consultation with Mr. Salamon-Abrams and Mr. Ginsberg, we decided the most efficient way to proceed would be for the Government to load the provided hard drive with the native files.

On May 9, 2017, both Mr. Salamon-Abrams and myself spoke to you and Emily Grant, your paralegal, regarding the hard drive.  During this call, you informed us that the Government concluded that the native files in question were not initially uploaded to the Government's

database and that when discovery was produced to defense counsel on a hard drive last year (early 2016), it was a copy of the Government's Relativity files that was produced, which duplicated the error.  This is why defense counsel was provided with a hard drive that did not include all of the native files.  You also acknowledged that the Government should have recognized this issue when we spoke in mid-January regarding the Carolyn Williams recordings that we could not locate (where we had a Bates number with no corresponding native file).  Further, you described the contents of the missing native files generally as spreadsheets and audio files.  You estimated that 180,000 files were not produced to the defense. You advised that we had previously been provided with the recordings the Government intended to offer at trial but should there be any additional audio that the Government intends to offer at trial, you would notify us when you "located" those files.

On May 10, 2017, we picked up the hard drive loaded with all of the native files and began to review its contents.  According to Mr. Salamon-Abrams' review of the drive, there are a total of 208, 691 native files; of these files, the Government previously produced 25, 573 native files, or 13% of the total native files.  Therefore, the Government is now producing 183,118 new native files, or 87% of the total native files.  Our initial review reflects that within the complete universe of native files there are: 30,174 audio files; 174,052 Excel spreadsheet files; 1,059 PowerPoint files; 534 Quicktime movies as well as several hundred miscellaneous files.

As you are aware, audio files present a difficult task as they cannot be searched using keywords and require us to listen to each file. We estimate the audio files are, on average, between one to three minutes which translates to a minimum of 29,213 minutes to review plus additional time to catalogue.[1]  In addition, because we are currently unable to upload this new production to Relativity due to budget constraints, we are required to manually review the new documents (Excel spreadsheets and PowerPoint presentations) as opposed to performing keyword searches.

Given the amount of additional discovery and our proximity to trial, we request that the following be produced within one week:

1)    Any index that the Government has prepared regarding these files to assist defense counsel in our review; and

2)    A list of any "hot docs," i.e. documents that the Government may use at trial, that are contained in this new production.

Sincerely,

/s/ Nadjia Limani

_____
Nadjia Limani

---

[1] Approximately 961 audio files were produced to defense counsel in the initial discovery productions last year.