**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 2, 2017

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States* v. *Scott Tucker and Timothy Muir*, S1 16 Cr. 91 (PKC)

Dear Judge Castel:

      The Government respectfully submits this letter concerning the subpoena that it served on defendant Timothy Muir in advance of his testimony in this case. In open court today, counsel for Muir claimed that the need to search for and withhold privileged documents related to the payday lending business would make his production of documents more burdensome and time consuming. Upon reflection, the Government believes that any such withholding is unnecessary, because the evidence offered at trial demonstrates that the crime fraud exception applies to any communications between Muir and Conly Schulte, Esq. relating to the payday loan business prior to August 2013. Therefore, the Government respectfully submits this application for an order finding that the crime fraud exception applies to all communications between defendant Muir and Schulte that relate to the payday loan business that is the subject of the ongoing trial. Granting this motion is justified by the law, and will further expedite Muir's compliance with the subpoena.

## Background

      It is "well-established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984). "The crime-fraud exception thus insures that the secrecy protecting the attorney-client relationship does not extend to communications or work product 'made for the purpose of getting advice for the commission of a fraud' or crime." *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995) (*quoting United States* v. *Zolin*, 491 U.S. 554, 563 (1989)); s*ee also In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d at 1038 ("Whereas confidentiality . . . . facilitates the rendering of sound legal advice, advice in furtherance of a fraudulent or unlawful goal cannot be considered 'sound' . . . and the client's communications seeking such advice are not worthy of protection."). Such communications or work product are not protected "even if the

1

attorney is unaware that his advice is sought in furtherance of such an improper purpose." *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d at 1038.

To overcome the attorney-client privilege in this context, the Government must establish "that there is 'probable cause to believe that a crime or fraud has been [attempted or] committed and that the communications were in furtherance thereof.'" The probable cause standard in this context is "not an overly demanding" one. *A.I.A. Holdings, S.A.* v. *Lehman Brothers, Inc.*, No. 97 Cir. 4978, 1999 WL 61442, at *5 (S.D.N.Y. Feb. 3, 1999); *In re John Doe, Inc.*, 13 F.3d 633, 637 (2d Cir. 1994) (*quoting In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d at 1039). The Court must find that the communication in question was itself in furtherance of the crime or fraud and intended in some way to facilitate or conceal the criminal activity. *In re Richard Roe, Inc.*, 68 F.3d at 40. Thus, to find that the crime-fraud exception applies, the Court need only conclude that "a prudent person [would] have a reasonable basis to suspect the perpetration of a crime or fraud, and that the communications were in furtherance thereof." *Id*. at 71.

## Discussion

The Government has more than satisfied its burden of showing that Muir's communications with Schulte were in furtherance of fraud and, accordingly, the crime-fraud exception applies. Specifically, the Government has demonstrated probable cause that Muir and defendant Scott Tucker orchestrated a scheme to defraud through their sham relationships with, among other entities, several Indian tribes including the Miami, Modoc and Santee Sioux Tribes.

The Government has further demonstrated that communications between Muir and Schulte were in furtherance thereof. In particular, the evidence has demonstrated that Muir and Schulte worked together to, among other things, defend the loan business against enforcement actions in various state courts. As part of that, the evidence has established that Schulte and Muir participated in the submission of affidavits that multiple witnesses have described as containing materially false statements. Finally, the Government has offered evidence that Muir and Schulte were involved in editing the minutes of meetings of tribal boards of directors so they would be consistent with false positions that Tucker's enterprise was taking in court.

For the reasons set forth above, the Government respectfully requests that the Court issue an order finding that the crime fraud exception applies to the communications between Muir and Schulte that are the subject of the Government's pending subpoena of Muir.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney
Southern District of New York

By:    /s/_____
Niketh Velamoor/Hagan Scotten/Sagar Ravi
Assistant United States Attorneys
Tel.: (212) 637-1076 / 2410 / 2195