Beverly Van Ness, Esq.
233 Broadway, Suite 2704
New York, NY 10279
212-274-0402
bvanness.law@gmail.com

October 11, 2017

Via ECF

Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Scott Tucker and Timothy Muir</u>
16 CR 91 (S1) (PKC)

Dear Judge Castel,

      On behalf of the defendants, I make the following requests to charge (using the Court's most recent draft, dated 10/10/17): For those requests the Court denies, I take exception in order to preserve the issue for possible appellate review. All of the requests have previously been made in writing or orally, in court, except for a request to correct a typographical error on p. 24, in the second paragraph under "Count One: First Element" – in the third line, change "objects" to "object."

      1. On p. 14, we ask the Court to delete the instruction on "uncalled witnesses – equally available," as we believe it is not required and is also misleading for the reasons stated in defense request no. 27, ECF #137, p. 36 of 62. We also renew our request for an instruction that Don Brady is unavailable as a witness to both parties due to his current physical condition. Both these requests were made in ECF #241, #9, p. 5 of 8, and at the charge conference on October 5, 2017. We rely on the arguments we have previously made.

      2. On p. 25, second full paragraph, we renew our repeated requests for a more expansive definition of "willfully." We request the Court to add the additional language we have underlined in the second and third sentences of that paragraph: "Willfully means to act deliberately and with <u>the intent</u> to do something that the law forbids, <u>that is to say with the bad purpose to disobey or to disregard the law.</u>"

1

In addition, we ask the Court to add after the language quoted above the following:

"<u>Further, the defendant's conduct was not "willful" if it was the result of a good faith misunderstanding of the requirement of the law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so. An honest belief that his conduct was lawful is a complete defense, however inaccurate that belief was. A defendant has no burden of establishing a defense of good faith. The burden is on the government to prove, beyond a reasonable doubt, that he acted wilfully and, consequently, a lack of good faith.</u>"

We rely on the arguments we have previously made.

3. On p. 30, at the end of the spillover paragraph at the top (the end of the definition of "unlawful debt"), we ask the court to add: "<u>If the state is unable to enforce its usury rate against an entity, the debt is not an unlawful debt.</u>"  We rely on the arguments we have previously made.

4. On p. 31, in the spillover paragraph at the top, we ask the Court to delete the last two sentences ("The government can meet its burden on the·'willfullv" and ·'knowingly'" element by proving a defendant acted deliberateIv with knowledge of the actual interest rate charged on the loan. It may also meet its burden by showing a defendant acted deliberately with an awareness of the generally unlawful nature of the loan and also that it was the practice of the business engaged in lending money to make such loans.").

As I stated today, this definition of "knowingly and willfully" is inconsistent with the definitions of those terms previously given (on p. 25) and will confuse the jurors.  The language comes from <u>United States v. Biascucci</u>, 786 F.2d 504, 512 (2d Cir. 1986).  That was a case involving a RICO prosecution based on the violation of New York State's criminal usury statute, which contained only a "knowingly" element.  The Court rejected the appellants' complaint that the District Court failed to instruct the jury that the government was required to establish "that they had knowledge of the specific rates of interest being charged."  The Court of Appeals stated that there was no such burden under New York law or the federal racketeering statute, quoting the "knowingly" mens rea of the state usury statute (<u>id.</u>).

In this case, in contrast, the loans were made over the internet to borrowers in many different states, which have different usury statutes.  Accordingly, in the defense request to charge No. 28, filed in mid-February 2017, we argued that a willful mens rea was required here, relying in part on choice of law principles (<u>see</u> ECF #137, pp. 39-41 of 42).  The government never challenged our analysis.  On the contrary, the government agreed that "willfully" should be included as a mens rea element, along with knowingly.  Its quarrel was with how "willfully" should be defined.

The Court has now ended that debate, and provided the definition of "willfully" that, at least in part, the defense sought (p. 25; see request to charge #2, above). The Biascucci opinion's discussion of the meaning of "knowingly" in the New York statute, and its direction that the government need not prove the defendant's knowledge of the specific rate charged – a proposition we do not contest – is not applicable to a nationwide lending business involving the laws of many states.

Yesterday, the Court also expressed concern that the language we seek to eliminate referred to an unknown "burden" the government bore: "The government can meet its burden on the "willfully" and "knowingly" element by . . . ." (p. 31). The Court asked, "Meet its burden on what? It begs the question, on what? On the count? That's all they have to find? That can't be right." (T. 2629). We agree that that cannot be, and is not, right.

As an alternative (though our first request is to delete the two sentences altogether), we ask the Court to tie the language to knowledge only. The third sentence of the spillover paragraph on p. 31 would read, "With respect to this sixth element of Count One, the government can establish a defendant acted "knowingly" by proving either that he had knowledge of the actual interest rate charged on the loan or that he was aware of the generally unlawful nature of the loan." This will not conflict with the definition of "willfully" previously provided and will not confuse the jurors.

5. After discussions with Mr. Scotten this morning, we ask the Court to make the following modifications to the fourth and fifth elements of the substantive racketeering counts.

> On p. 32, the fourth element should remain, but it should read, "Fourth, that the defendant knowingly and willfully engaged in the collection of unlawful debt." The fifth element on p. 32 would be revised to delete "willfully and knowingly" in the third line up from the bottom.

> On p. 33, the first sentence of the instruction of the fourth element should read, "The fourth element the government must prove with respect to Counts Two through Four is that the defendant knowingly and willfully engaged in the collection of unlawful debt."

> The next sentence should be modified to state, ""Knowingly" 'willfully,' and 'unlawful debt' have the same meanings on which I instructed you previously."

> On p. 34, in the first paragraph of the instruction on the fifth element, the phrase "willfully and knowingly" should be deleted.

6. On. p. 39, we renew our requests to revise the instruction on tribal sovereign immunity that were made orally at the charge conference and in writing thereafter (see ECF #252, no. 2 on pp. 1-2). We rely on the arguments we have previously made.

3

7. On. p. 59, with respect to the second paragraph of the "Additional Question" the jury is being asked to answer, we renew our request that the jurors be permitted to apply the ordinary meaning of "control," that the factors the Court lists not be presented as exclusive, and that an additional factor based on the evidence be included (see ECF #252, #3, p. 2). The second paragraph would read:

"For the purposes of this question, and solely on the issue of control, <u>you should give the term "control" its ordinary meaning. You may consider such factors as</u>: whether Mr. Tucker was the source of funds for the loans, whether he bore the risk of non-repayment of the loans, <u>whether he had the authority to pass resolutions, enact ordinances and lending codes</u> and whether he had the power to direct the activities of the entity, including day-to-day operations, finances, lending decisions, distribution of profits, hiring and termination of employees, advertising and solicitation of customers, and banking and other third-party relationships."

We appreciate that the Court was trying to be helpful in fashioning this question, but as currently written, it marshals the proof in the government's favor and effectively directs a "Yes" answer.

Thank you for your consideration.

    Respectfully,

    s/ Beverly Van Ness

    _____

    Beverly Van Ness
    Lee A. Ginsberg
    James Roth
    Thomas J. Bath, Jr.

    On behalf of Defendants Tucker and Muir

cc: All counsel